HOGAN *vs.* GIBSON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT (NOW 9th) FOR THE PARISH OF CONCORDIA, THE JUDGE OF THE SECOND PRESIDING.

In an action on a *quantum meruit*, the defendant may show that there was a verbal or written contract between the parties ; and if a contract really existed, the plaintiff who sues on a *quantum meruit*, cannot recover.

Parole evidence is admissible ; first, to show the form of a contract between plaintiff and defendant, whether it be written or *verbal ;* and if the latter, to make proof of it.

Evidence of a verbal contract will not be admitted, until the court is satisfied there is no written one ; and when the court permits evidence of a verbal contract to go to the jury, it is proof to them that there is no written one.

The jury is to be guided by the evidence allowed to go before them by the court ; and they cannot pronounce on evidence not before them ; nor inquire into the correctness of the judge in rejecting or admitting particular evidence.

On a *quantum meruit*, the plaintiff cannot recover for *extra* work, alleged to have been done.

This is an action on a *quantum meruit*, in which the plaintiff sues as the assignee of John Evans, to recover the sum of two thousand three hundred and eighty-four dollars, for work and labor done, and materials furnished, in building for the defendant, a cotton gin and mill house, of large dimensions, and of good workmanship.

The plaintiff alleges, that the work, labor and materials, employed by said Evans in the construction of said gin and

WESTERN DIST. mill house, were well worth the sum of four thousand five
Oct. 1838. hundred dollars ; that a partial payment on account of said
LOGAN work had been made, amounting to one hundred and fifteen
vs. dollars, to Evans, leaving the sum claimed as yet due and
GIBSON. owing, which has been regularly assigned to him. He prays
judgment therefor.

The defendant avers, the gin and mill house were built,
and materials furnished under a verbal contract between
him and Evans, in which it was stipulated, the work was to
be finished by the first of September, 1835, and he to be
allowed for the work and materials, the sum of two thousand
five hundred dollars ; that before he was notified of the
transfer of this claim, he had already paid the sum of two
thousand one hundred dollars, which was more than he
owed Evans ; that Evans failed to build said gin and mill by
the time stipulated, and put him to great inconvenience and
loss in ginning his crop, to his damage one thousand dollars,
and owes him three hundred dollars for boarding, which he
pleads in compensation of plaintiff's demand.

The cause was tried by the court and a jury. The
witnesses testified, that there had been a contract entered
into between the parties, which was reduced to writing, but
never signed ; that Evans said to witnesses, he was to build
a gin with one stand for two thousand five hundred dollars,
and also a mill house, and furnish all the materials. The
gin was not finished until the beginning of 1837.

The plaintiff excepted to the charge of the judge, and to
the admission of the testimony of witnesses to prove a verbal
contract, when it appeared by their testimony, it had been
reduced to writing. The jury returned a verdict for the
defendant, and from judgment rendered thereon the plaintiff
appealed.

*Dunlap* and *Dunbar*, for the plaintiff.

The District Court erred in receiving parole evidence of a
contract, which is shown by the disclosures of the witnesses,
to have been reduced to writing. The written contract
should be produced ; and as it was never signed, neither it

or a verbal contract can be established.    5 *Louisiana*
*Reports*, 457.

2. The plaintiff had a right to recover on a *quantum meruit*,
by showing that extra work was done, and that the gin
house was of larger dimensions than was originally proposed,
by which the defendant profited, as he accepted it.    4 *La.*
*Reports*, 101.

3. The court erred in deciding that there was no written
contract, and charging the jury to this effect, when that was
a fact to be left for their verdict.    This question should not
have been withdrawn from them.    *Code of Practice*, 516.

4. The judgment should be reversed on these grounds,
and others ; especially because the judge charged that the
plaintiff, suing on a *quantum meruit*, could not recover for
*extra work*, in case the defendant proved the verbal contract,
pleaded in his answer.

*Stacy*, for the defendant, admitted the building of the gin,
&c., but contended, that it was properly and fully shown to
have been built in pursuance of a verbal agreement, and
that it had been paid for according to contract.

2. The circumstance of a verbal contract existing, pre-
cludes any recovery on a *quantum meruit*.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sues to recover the value of work done, and
materials furnished by his assignor in constructing a gin for
the defendant.

The defence was, that the work was done in pursuance of
a verbal contract, and that the stipulated price has been paid.
He further alleges, that he sustained great loss by the delay
of Evans, the assignor, to complete the gin at the time stipu-
lated ; which, together with three hundred dollars for board-
ing and lodging, he claims in compensation.

There was a verdict for defendant, and judgment having
been pronounced accordingly, the plaintiff appealed.

The case comes before this court upon several bills of
exception.    From one of them it appears, that on the trial

WESTERN DIST.
*Oct.* 1838.

HOGAN
*vs.*
GIBSON.

In an action on a *quantum meruit,* the defendant may show that there was a verbal or written contract between the parties; and if a contract really exists, the plaintiff who sues on a *quantum meruit,* cannot recover.

Parole evidence is admissible, first, to show the form of a contract between plaintiff and defendant, whether it be written or *verbal;* and if the latter, to make proof of it.

Evidence of a verbal contract will not be admitted, until the court is satisfied there is no written one; and when the court permits evidence of a verbal contract to go to the jury, it is proof to them that there is no written one.

The jury is to be guided by the evidence allowed to go before them by the court, and they cannot pronounce on evidence not before them, nor inquire into the correctness of the judge in rejecting or admit-

the defendant offered to prove a verbal contract, and it appearing from the testimony of one of the witnesses, that a contract had been reduced to writing, the plaintiff's counsel objected to any parole evidence of the contract, on the ground that the written contract was the best evidence, and must be produced, or accounted for, and if the said writing was unsigned, and they contemplated a written contract, no evidence could be admitted of it until it was signed. But the court disregarding the objection, proceeded to inquire whether there was a written contract, and having been satisfied there was not, admitted evidence of a verbal one, as averred by the defendant in his answer. It appears to us the court did not err. It was not material whether the contract was by parole or in writing, as relates to the plaintiff, because if a contract really had been entered into between the parties, the plaintiff who sued upon a *quantum meruit,* could not recover; and the only motive for inquiring into the form of the contract, was to ascertain whether parole evidence was admissible. The law does not require that such a contract shall be reduced to writing and signed.

The charge of the judge to the jury was also excepted to. They were told that the question for their examination was, whether the defendant had shown a verbal contract as stated in his defence; that the court having permitted the defendant to give evidence of a verbal contract, was proof to them that there was no written one; that the court could not admit evidence of a verbal contract, until satisfied there was not one in writing, and having admitted such evidence the province of the jury was confined to the testimony, in reference to a verbal contract. The court further stated, that under the pleadings, if the jury was satisfied there was a contract, as stated in the answer, they were bound to find a verdict for the defendant, and that the plaintiff could not recover for extra work in the present form of action.

We concur with the judge in this charge. Nothing is better settled than that the jury is to be guided by the evidence before them; and it is exclusively the province of the court, to admit or exclude evidence, and the jury cannot pro-

nounce upon evidence not before them, nor inquire into the correctness of the judge, in rejecting or admitting particular evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*Oct.* 1838.

