COLLINGS *vs.* HAMILTON.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, JUDGE DAWSON, PARISH JUDGE, PRESIDING.

Where the plaintiff sues to recover the value of work and labor done for the defendant according to a bill of prices agreed on, for part of it, and for extra work, he will be allowed to produce testimony *of the value* of all the work performed.

In an action on a special agreement for the *price* of work, or services rendered, the party may introduce *proof of the* value also.

This is an action on an account for work and labor done, at the instance and request of the defendant, in the construction of a large gin-house, cotton press and castings for four gin stands, according to an account annexed, of one thousand six hundred and twenty dollars. .

The defendant pleaded a general denial, and required strict proof of every allegation, not admitted. He avers, the plaintiff undertook to complete a gin-house of large size, and with two gin stands and running gear; also, a cotton press; all to be completed in five months for the *price of one thousand five hundred and twenty-six dollars*, according to a written contract. That said gin was not completed in a workmanlike manner, and not finished for several months after the time agreed on. He sets up a boarding account of two hundred and fifty dollars, which he alleges the plaintiff is bound to pay, and various other items, which he avers should be deducted for deficiency in the work, thereby reducing the plaintiff's demand nine hundred and seventy-two dollars, and the amount of the boarding account.

On these pleadings and issues the cause was tried. There was a mass of testimony taken, and witnesses offered to prove the value and manner in which the work was done; as also to establish the defendant's averments in his answer. His counsel objected to any testimony being received, going to prove the *value* of the work and services of the plaintiff, because there was a particular agreement and bill of prices

entered into between them which must govern as to the prices. He also moved the court to instruct the jury, that if they believed, from the testimony, the plaintiff and defendant had agreed on the prices to be paid for the work and labor done, they must exclude all evidence of the *value*. 2. That the action being on a *quantum meruit* for work and labor done and materials furnished, and the defendant having averred that it was done under a contract between them for a specific price; if the jury believed from the evidence there was such a contract entered into, they must find for the defendant; and also that the plaintiff could not recover for extra work in the present form of action. The judge refused these instructions, and the defendant took his bill of exceptions.

The jury returned a verdict for the plaintiff in the sum of one thousand six hundred and twenty dollars; and the court being of opinion it was in accordance with the law and evidence, rendered judgment thereon, from which defendant appealed.

*Turner*, for the plaintiff, urged the affirmance of the judgment.

*Lobdell*, for the defendant, insisted that the action on a *quantum meruit* could not be maintained when it was shown there was a specific contract, fixing the value and amount of the work done.

2. The court below erred in not charging the jury to exclude the evidence which went to prove *the value* of the work and labor done, as on a *quantum meruit* when a written contract was proved; or to establish the value of the work, when the contract fixed the price.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff seeks to recover one thousand six hundred and twenty dollars seventy-four cents, for work and labor done for defendant, in the erection of a large cotton-gin. An account is annexed to his petition, showing the details of the work and the prices for each item, which prices the plaintiff

avers defendant assumed and promised to pay. This claim is resisted on the ground, that plaintiff undertook to build a complete gin-house and put up a press for him for one thousand five hundred and twenty-six dollars twenty-four cents, on defendant furnishing all the necessary materials; that the work was so badly and unskillfully executed that defendant had to expend large sums of money to prop and sustain the roof, and remedy divers other defects; and moreover, that the work was delivered long after the time agreed on, by which delay defendant has suffered material injury.

This issue was placed before a jury, who gave their verdict for the plaintiff; after a fruitless attempt to set it aside, the defendant took this appeal.

On the trial, plaintiff's counsel called on defendant to produce a bill of the prices agreed on between them for the work to be performed, and at the same time offered witnesses to prove the value, not only of those items in his account, which were mentioned in the bill of prices, but also of several other charges for extra work. This was objected to by defendant's counsel, on the ground that the bill of prices being proved to be a contract, the plaintiff, on a *quantum meruit,* could not offer evidence of, or recover the value of the work. The court overruled this objection, and the defendant calls our attention to his bill of exceptions to that opinion. We think that the judge decided correctly. The bill of exceptions assumes that this action is entirely one on a *quantum meruit;* such is not the fact. The plaintiff can be considered as claiming on a *quantum meruit* only for the extra work, not mentioned in the bill of prices. As to all the other items of his account, he claims these prices which, he avers, the defendant assumed and promised to pay. It has frequently been decided by this court, that an agreement for the price of services does not preclude proof of their value. 4 *Louisiana Reports,* 115, *Gourjon* vs. *Cucullu;* 4 *Martin, N. S.,* 178, *Boyd* vs. *Howard;* 8 *Martin,* 402, *Gilly* vs. *Henry.* But defendant contends that this bill of prices being a contract, must be adhered to, and that plaintiff can make no extra charge. It undoubtedly is a contract so far as it goes;

*Where the plaintiff sues to recover the value of work and labor done for the defendant, according to a bill of prices agreed on for part of it, and for extra work, he will be allowed to produce testimony of the value of all the work performed. In an action on a special agreement for the price of work, or services rendered, the party may introduce proof of the value also.*

it is a naked enumeration of the prices of work to be done, the prices to be paid for each item, and shows a total sum of one thousand five hundred and twenty-six dollars twenty-four cents, for all the works therein detailed. Defendant's witnesses, when speaking of the contract entered into by the plaintiff, all refer to the bill of prices as showing the extent of his engagement, but none of them pretended that he was bound to do any thing not specified in it. No mention is made in that paper of the several items of extra works set forth in plaintiff's account, and among them is a large and important one, to wit: the building and putting up of a press. These additional prices of work were received by defendant, and could not have been executed had he not furnished the material; they must, therefore, be considered as done by his order. 4 *Louisiana Reports*, 101, *Andrews* vs. *Jacobs*; *Louisiana Code*, 2735.

From the testimony in the record, as to the manner in which the whole work was executed, we have derived the impression that it was well done, with the exception of a few defects, to remedy which, the defendant has had to expend one hundred and fifty dollars. This deduction, we think, should have been allowed, together with a sum of fifty-six dollars, which is an overcharge in plaintiff's account. Fifty-six squares of joist are set down at three dollars per square, when the bill of prices authorized only a charge of two dollars per square. As to the delay defendant complains of, the evidence shows that no particular time had been fixed; and moreover, that the defendant has in some measure been himself the cause of the delay, by interrupting plaintiff and taking him off to work on a dwelling house of his during four months.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; and that the plaintiff do recover of defendant thirteen hundred and fourteen dollars and seventy-four cents with costs below, and that the plaintiff and appellee pay the costs of this appeal.