### JOHN BROWN *v.* BARK LAURA SNOW, CAPTAIN AND OWNERS.

A party who has bound himself by a written contract to perform certain services for another, may sue for his services on a *quantum meruit*, where the contract has been violated and virtually annulled by the act of the other party.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*
*Elliott, Budd & Lambert,* for plaintiff. *Waples & Eustis,* for defendant and appellant.

COLE, J. The plaintiff alleges that he entered into a written contract to discharge the cargo of lime on board the bark " Laura Snow," for a specified sum, and in a designated time.

That defendants, by their own action, annulled the contract, wherefore he sues on a *quantum meruit*.

An exception was filed by the defendants to the suit, on the ground that it is on a *quantum meruit*, when by its own allegations it appears that there was a written contract.

The exception was overruled, and the plaintiff was permitted to prove the allegations of his petition. There was judgment for plaintiff and the defendants have appealed.

In this court, the defendants rely upon their exception for a reversal of the judgment.

In our opinion, the exception was properly overruled. As plaintiff considered the contract to have been violated and cancelled by the conduct of defendants, he was entitled to incur the risk of establishing this upon the trial and to sue upon a *quantum meruit*. He was not obliged to sue upon a contract virtually annulled by defendants, unless he had wished so to do.

Judgment affirmed, with costs of appeal.

MERRICK, C. J., concurring.   I do not think a party who has entered into a written contract, may repudiate the same on the pretence of a violation of the contract by the opposite party.   The very object of a contract is to make a special law between the parties, by which to adjust their rights in the event of a refusal to comply or a violation of the contract by either.

Whenever, therefore, it appears that the parties have entered into a contract, and either party insists upon the same, it cannot be disregarded.

In the case of *Hogan* v. *Gibson*, 12 La. 460, this court held, that if the plaintiff sued upon a *quantum meruit*, and the defendant proved a special contract, plaintiff could not recover.   See also *Allen* v. *Martin*, 7 N. S. 300.

In the present case, the plaintiff has alleged the existence of a contract, but he avers that it has been annulled by defendants.   The testimony (including the contract) has all been received without objection.   It shows, as I think, that plaintiff is entitled to recover the amount awarded by the lower court, on account *of the breach of the contract* by the defendants, and I concur in the decree on this ground.

LAND, J., concurred in this opinion.