Statement of the Case.
MONROE, J.
Plaintiff seeks to recover from the succession of Henry B. Jones, of which Lake S. Morgan is administrator, the sum of $2,100, with interest, alleging that on January 1, 1899, she entered into the service of the decedent under a verbal contract whereby she agreed to do all the household work required in his establishment and he agreed to pay her $20 per month; that she did the work for 10 years and 10 months, until Jones died, thereby earning $2,600; that each year, excepting 1910, she drew $50. leaving the balance of her earnings, amounting to $190, as a deposit, to which balance there is to be added $200 for the year 1910; and for the aggregate of said sum and balances ($2,100) she prays that she have judgment.
The administrator pleads the prescription of one, three, five, and ten years and a general denial. It appears from the evidence that plaintiff, who is an old negro woman, had worked for the decedent for something like 30 years, and that she had lived, rent free, most of the time, and certainly during the ten years or more immediately preceding his death, in a house which belonged to him and in which there also lived her daughter- and her daughter’s six children, all of them being supplied with provisions at the expense of the decedent, who had no family, and whose meals plaintiff cooked at her home- and carried over to him. It also appears that plaintiff kept a cow and sold milk, and raised chickens and sold them, and that she-at times took in washing from outside persons and the expense of the cow and the chickens, as well as the other expenses of her household, appear to have been borne by the decedent, who allowed her to order meat, groceries, and feed as she thought proper,, and gave her money when she asked for it, and without her asking. As to her wages,, she endeavors to sustain by testimony the theory propounded in the petition, and says-at one time that every year on January 1st the decedent would count out to her in cash $190 as the balance due for the year, which amount she would hand back to him, or request him to keep, as a deposit. At other-times she tells the story differently, and one- or two members of her family confuse matters still more; so that, as defendant shows that the average wages of cooks in that part of the country is considerably less than $20 per month, though they do not enjoy the other advantages to which we have referred, the-learned judge a quo reached the conclusion that the attempt to prove the contract sued on, including the annual deposits, was a failure. And we concur in that conclusion.. There is no doubt, however, that plaintiff served the decedent to his satisfaction, and it is shown that during his last illness he stated that he desired to make some provision for her by securing her a home of her-own before he died, but the testimony does, not justify the conclusion that the indebtedness that he may be said to have thus recognized was of a pecuniary character; and in any event that testimony, being oral and relating to a claim against the estate of a per *381 son deceased, could not serve to remove the bar of the prescription of one year established by O. O. 3534, against claims of servants for their wages. Our learned Brother gave plaintiff judgment on quantum meruit for $200, as the amount due her for the (ten months during which the decedent lived, of) the year preceding the institution of the suit, and from the judgment so rendered defendant prosecutes the appeal. Plaintiff has not answered the appeal, but' her counsel has filed a motion to dismiss, alleging that, as the judgment was for hut $200 and she has acquiesced, this court is without jurisdiction ratione materiee.
Opinion.
On Motion to Dismiss.
[1] Defendant, having been sued for an amount within the jurisdiction of this court, cannot be deprived of his appeal by the acquiescence of the plaintiff in a judgment for an amount below that required to confer jurisdiction. It is the amount originally in dispute which quoad the litigant who does not acquiesce in the judgment of the trial court determines the jurisdiction of the appeal.
On the Merits.
[2] This court has, perhaps, in rare instances, held that a plaintiff may sue upon a contract and recover upon quantum meruit, hut there ought to be some strong equity to justify a ruling of that kind, since the defendant in such case is called on to meet the issue of contract vel non, and is not ordinarily put upon his defense with regard to values. When, however, a litigant appeals to equity, he should not set up an inflated claim, and endeavor to sustain it by incredible testimony. We find nothing in this ease to call for a departure from the general rule that one who sues on a contract is not entitled to recover on quantum meruit.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside and annulled, and that plaintiff’s demand be rejected, at her cost in both courts,, without prejudice to her right to bring suit, on quantum meruit, should she be so advised..