———o———

No. 6753

# EDWARD F. SPORL v. BORUM & WHITING CO., ET AL.

## On Rehearing.

## SYLLABUS.

It is a condition imposed by law that the undertaker shall do his work in a workmanlike manner and fitted for the purpose for which it was intended; and if he does not, that the owner may have the work done over in a proper manner, at the expense of the undertaker.

The officers of a corporation that has gone out of business of not making themselves responsible for its debts by continuing in possession of its property and collecting the accounts due to it and paying its debts.

Appeal from the Civil District Court, Parish of Orleans, Division "C", No. 111,303. Honorable E. K. Skinner, Judge. Amended and reversed.

L. A. Hubert, for plaintiff and appellant.

E. J. Thilborger, for defendant and appellee.

His Honor Charles F. Claiborne, rendered the opinion and decree of the Court as follows:

The defendants the "Borum & Whiting Co." were the successful bidders to install a "vapor steam heating system" in accordance with certain specifications prepared by plaintiff. One of the specifications was that the "heating contractor shall guarantee the apparatus as erected by him

shall be capable of warming each and every room for which radiation is specified at one and the same time to a temperature of 70 degrees Fahr. when the outside temperature is 15 degrees Fahr. with a steam pressure not to exceed three lbs." For the purpose of obtaining a certificate and payment as soon as the defendants had completed their work and tendered it, and before a test had been made, they wrote to the plaintiff "that after the apparatus has been given a thorough test, and we find that there is not sufficient amount of radiation in the building, we will install additional sections in the radiators so as to make them capable of maintaining the temperature of 70 degrees in the coldest winter weather." The system as installed by defendants did not work and notwithstanding repeated demands by plaintiff, defendants failed to make it work. Plaintiff then employed another contractor who reinstalled the system so as to make it give entire satisfaction, at a cost of $332. The plaintiff further averred that Borum and O'Toole had acquired the assets of Borum & Whiting Co. and were responsible for all its debts. He prays for judgment against the Borum & Whiting Company and against W. S. Borum and W. P. O'Toole, for $332.

It is admitted that defendants did not install the "Vapor Steam Heating System"; but that the system installed was the "one pipe ordinary steam job", or "a one pipe circuit low pressure steam system" or as testified by one of the defendants "the Low Gravity Steam."

The defense is that the "specifications" modified and changed the system indicated in the caption of the specifications, into the "Gravity or low pressure system" furnished by defendants; that the system installed was improperly operated and by incompetent attendants. There was judgment for the defendants and plaintiff appealed.

8

We brush aside the two last grounds of defense inasmuch as the system was successfully operated by the same owner after it had been remodelled and by the same attendant.

A reconsideration of the evidence brings us to the conclusion that the first defense is also without merit. Whether the system was changed or not by the specifications is immaterial. Defendants had agreed to put up a certain system which they called "Low Gravity System", or any other name, and they guaranteed that the system put up by them would work and give out a certain quantity of heat. But the result was their system was a failure, did not work, and gave out no heat. But the evidence does not satisfy us that the specifications changed the nature of the system, nor is there any evidence that it was owing to any fault of the specifications that the system installed by the defendants did not work.

Two disinterested experts testified that the cause was because it was not properly installed. The specifications did not direct how the system should be installed, but only mentioned a certain number and quantity of the materials or of the equipment that should enter into the system. The materials specified were there, but all the materials necessary for a "Vapor Steam Heating System" were not put into the work, and such as were there, were not installed in such a workmanlike manner as to insure any satisfactory action.

The work was "poorly installed" such as it was. So poorly, that far from giving a mere insufficient quantity of heat, it failed to work at all and gave no heat whatever.

The plaintiff caused the work to be made over under the same specifications, or in the language of an expert "to put that which was installed in such a condition that they could make it work." The system as modified has since given

entire satisfaction, showing that the fault was not with the specifications but with the manner of installation.

It is a condition imposed by the law that the undertaker shall do his work in a workmanlike manner and fitted for the purpose for which it was intended; and if he does not, that the owner may have the work done over in a proper manner at the expense of the undertaker. "*Spondet peritiam artis.*"

C. C. 2769 (2740)

> "If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
>
> 8 *N. S.* 290; 3 *La.* 328; 14 *La.* 342; 7 *A.* 294; 10 *A.* 631; 12 *A.* 209; 3 *Pothier Louage Part 7, Ch. 2, Section III, No.* 425.

About two years after defendants had installed their system, and some time after it had been repaired and made to work, the Borum & Whiting Company ceased to undertake any more jobs. At that time the only stockholders were W. S. Borum acting as President, and W. P. O'Toole acting as Secretary and Treasurer. They then formed a partnership under the name of Borum & O'Toole and continued the same business as the Borum & Whiting Company, in the same place. They used the old material of the former company; they collected the bills due to it to the amount of $1600 and paid accounts due by it to the extent of $1800.

Upon this state of facts the plaintiff alleges that Borum & O'Toole have made themselves "responsible for all the debts and liabilities of said corporation". He has shown neither

10

law nor authority in support of his proposition, and we cannot give it our sanction. Although the defendant company had ceased to do business, it still existed. The plaintiff in his petition alleged it was a corporation and prayed that it be cited through its proper officers.

As officers of the corporation Borum & O'Toole had a right to the continued custody of the property of the corporation and to collect the accounts due to it and to apply the collections to the payments of its debts. They were not strangers to the corporation and there is no evidence that any of its property or money has enured to their benefit.

11 *Ct. App.* 26, *Maldurmin v. Patterson.*

It is therefore ordered that the judgment of the District Court and our former decree be reversed, and it is now ordered that there be judgment in favor of the plaintiff Edward F. Sporl and against the Borum & Whiting Company for the sum of Three hundred and thirty-two dollars with five per cent per annum interest from February 3rd. 1915 till paid and all costs of suit; and it is further ordered that the demand against Borum & O'Toole and the members thereof be rejected.

Opinion and decree October 23rd, 1916.

Former opinion reported in Book XIII, p. 480.