No. 3732

Second Circuit

REED ET AL. v. ROSS ET AL.

(March 24, 1930. Opinion and Decree.)

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■

Chris Barnette; Barnette & Roberts, of Shreveport, attorneys for plaintiffs, appellees.

Coleman Lindsay; McInnis & Campbell, of Minden, attorneys for defendants, appellants.

ODOM, J. On December 31, 1927, plaintiffs, R. A. and H. C. Reed, leased to J. E. Ross and J. I. Gearrald certain property which they owned in the parish of Webster, granting to defendants the privilege of extracting from said land gravel at the stipulated price of 7½ cents per cubic yard. The lease contract, which is in writing, provides that the lessees shall develop the property and shall furnish to the lessors an itemized statement of all gravel mined and sold, with certified copies of bills of lading covering the same on the first day of each month showing the amount of gravel mined and sold during the previous month. The contract further specifically provides that the lease cannot be assigned without the consent of the lessors.

By this suit, plaintiffs seek to annul said lease on the ground that the contract was violated by the lessees, in that they failed to develop the property as contemplated and stipulated in the lease, and that the lessees have, in violation of the provisions of the contract, assigned the same to the Big Four Gravel Company which company took possession of the property and proceeded to develop it. The suit was brought against the original lessees and the Big Four Gravel Company. All defendants filed exceptions of no cause and no right of action, which exceptions were overruled by the court. Defendants then answered admitting that the original lessees had assigned the lease to the Big Four Gravel Company, and that the act of assignment is recorded in the conveyance records of Webster parish; and further admitting that the Big Four Gravel Company had taken possession of the property and had extracted therefrom certain quantities of gravel for which it had not paid; but it is especially alleged that it had tendered to plaintiffs the price or value of the gravel so taken. They deny that the lease contract was in any sense violated, and especially allege that the assignment of the lease by defendants, Ross and Gearrald, to the Big Four Gravel Company, was valid and binding on plaintiffs.

There was judgment in the lower court in favor of plaintiffs and declaring that the lease contract had been violated and canceling the same; and against the Big Four Gravel Company for the value of the gravel taken by it. From this judgment, defendants have appealed.

## OPINION

The testimony shows beyond question that the original lessees, Ross and Gearrald, made no attempt whatsoever to develop the property as contemplated by the lease contract, but, on the contrary, made an assignment of the lease to the Big Four Gravel Company. Defendants made no effort to show that the assignment of the lease by Ross and Gearrald to the Big Four Gravel Company was made with the consent of the lessors. They did attempt,

however, to show that plaintiffs had knowledge of the fact of the transfer, and, further, that plaintiffs knew at the time the lease was made that Ross and Gearrald, the lessees, intended to assign the same to a corporation then in contemplation. The testimony, however, convinces us that plaintiffs had no knowledge either of the intention of the lessees to transfer the same or that the contract had been assigned to the corporation until a short time previous to the institution of this suit. The testimony further shows beyond question that the contract was breached, in that no statements of the amount of gravel taken were rendered to plaintiffs on the first of each month, and that no payments were tendered until after the suit was filed. There is some testimony in the record showing that plaintiffs knew of the existence of a corporation styled, "Big Four Gravel Company," but there is no testimony to show that they had knowledge that the said gravel company was taking gravel from the land. One of the plaintiffs visited the mine on several occasions while it was being operated and found Mr. Ross in charge; and, while Mr. Ross seems to have been connected with the defendant corporation, there is no testimony to show that plaintiffs knew that he was in charge for the corporation.

The district judge found and held that the lease contract had been breached and ordered it canceled, and we think his findings are amply supported by the record. Since the appeal was lodged in this court, defendants have not appeared through counsel to point out the errors of which they complain, although counsel of record were timely notified of the setting of the case for argument in this court.

By reference to counsel's brief filed in the lower court, we infer that they relied mainly upon the exceptions of no cause and no right of action filed by them in limine, which, as stated, were overruled. Those exceptions were grounded upon the proposition that plaintiffs could not maintain an action for the dissolution of the lease contract and at the same time recover against the Big Four Gravel Company for gravel taken under the terms of the lease; in other words, that plaintiffs could not in the same suit claim the dissolution of the lease and the benefits of it. The district court correctly overruled the exceptions of no cause of action. The suit to recover for the gravel taken by the Big Four Gravel Company, one of the defendants, was not on the contract, but on a quantum meruit. It is not alleged, as counsel appear to have argued in the lower court that the gravel was taken by the Big Four Gravel Company under the terms of the lease contract. The allegations are that the defendant corporation had taken certain quantities of gravel from the property under their assignment of the lease to them, which assignment, plaintiffs alleged, was invalid because made without the consent of plaintiffs. See John Brown vs. The Laura Snow, 14 La. Ann. 848.

The amount for which judgment was granted is not disputed by defendants. The judgment appealed from is correct and is accordingly affirmed, with all costs.

DREW, J., recused.