MOISE, Justice.
This is an appeal from a judgment rendered on a quantum meruit for $1,636.78.
The plaintiff filed this suit against Anthony Iannazzo and Jasper Iannazzo, in solido, praying that defendants be ordered to sell at public auction certain real properties owned by defendants and that plaintiff receive one-third of the net profits, or $3,124.60. In the alternative, plaintiff prayed that he recover on the quantum meruit, asking that the properties be sold at public auction and he receive from the proceeds of the sale one-third of the net profits, or $3,124.60. The plaintiff encumbered the property with a lien and privilege.
The basis of the alleged claim is upon a verbal contract between the defendant and appellant, Jasper Iannazzo, allegedly acting for himself and as agent for his co-defend- • ant, Anthony Iannazzo.
The defendant declares that the plaintiff was to act as carpenter or superintendent for the defendants in the erection of two' duplexes on ground owned jointly by defendants. Plaintiff alleges on a contract that he was to receive $75 per week and also one-third of the profits on the sale of' the duplexes. The record is vague and indefinite and discloses no certainty of proof ' of petitioner’s allegations, except as to the payment of the sum of $75 per week. As the plaintiff declares in his testimony that *859 he has not performed manual labor for twenty years, in that event, we could conclude that the payment was made in his capacity as superintendent of the work and he performed no actual manual labor in the erection of the buildings. The completion of the buildings took 186 days, and the only certainty in the record is the payment of $75 a week during the time that the plaintiff acted in the capacity of superintendent.
What strikes us is that here we have no contract in writing for construction and no bond furnished for faithful performance according to law; and, yet, the plaintiff says that he was to receive and did receive $75 a week as superintendent, and now, as an additional compensation, he claims one-third of the profits for his work. We have to view a record in accordance with human understanding and experience.
Under this arrangement, absurd results will follow if we accept the plaintiff’s sole testimony without strong corroborating circumstances. He ran no risk; he could suffer no loss; and if a loss was sustained in the construction of the work, that loss must be borne by the owners. The contract, even if made, is unilateral in nature. The only assertion as to one-third of the profits is made by the plaintiff himself, who says that he was a contractor and that he could obtain work as a building supervisor which would pay him $250 a week. If this Court knows, what everybody knows, then this Court should have knowledge that such is a refinement in testimony which we cannot accept when we consider the amount of payment of expert building construction fees for supervision, plans and specifica-' tions.
The plaintiff got the $75 a week for the time specified on the payrolls. He now seeks additional payment of one-third of the profits, after full payment for supervision.
What confounds this Court is— What did this plaintiff do? How did he save the owner any money ? What was the reduction of cost of the materials to be used ? What was the time saved ? The record is barren of any of these items of benefit or saving, and the trial judge correctly held that the contract alleged was not proved. However, we believe that our learned brother below is in error in awarding the plaintiff an additional $1,636.78 on. on the quantum meruit.
Walker drew the plans and specifications, for the duplexes. They could not be used. The City Engineer’s Office refused to issue a permit, and the plans and specifications had to be gone over by Adloe Orr, Jr., a. licensed and registered surveyor and civil engineer in order to secure a building permit.
Then again the record discloses, by the-testimony, that Walker said the construction could be made for $11,000 each, and yet the cost of the two duplexes-was $33,242.85.
It is true that the plaintiff made an alternative prayer for judgment on a quantum meruit, but where has he established a valu *861 ation for his supervision, in addition to the $75 a week paid for that purpose. There is no proof to determine what he did other than purchase material in Iannazzo’s name and employ labor. We are not even presented with proof as to his actual supervision of the actual building, and yet the owner complains that certain rooms in the apartments were on the wrong side of the buildings.
In the case of Alexander v. Morgan, 130 La. 378, 58 So. 13, 14, this Court held:
“This court has, perhaps, in rare instances, held that a plaintiff may sue upon a contract and recover upon quantum meruit, but there ought to be some strong equity to justify a ruling of that kind, since the defendant in such case is called on to meet the issue of contract vel non, and is not ordinarily put upon his defense with regard to values. When, however, a litigant appeals to equity, he should, not set up an inflated claim, and endeavor to sustain it by incredible testimony. * * * ”
■ The owner of the buildings readily admits that he did say that he wanted his job hurried up and completed, and that if plaintiff .could do this he would fix him up. In whose judgment is the “fixing up” left for a determination. “Fixing him up if the buildings were completed early” could mean the giving of a hat, the giving of a pair of -shoes, the giving of a suit of clothes, or, -the giving of a $100 bill. Surely it could mot by some occult contortion, be made to mean that he would give him one-third of the profits of the sale of the buildings.
In the instant case, since there was payment of $75 a week there is proof of a verbal agreement to that extent. However, there is no proof as to the terms of a contract for one-third of the profits. Plaintiff pleads alternatively for a quantum meruit, but he proves no value whatsoever.
Under the circumstances, this Court, resting assured that he who alleges must prove and that his contract must be proven with reasonable certainty, has no alternative other than to dismiss the suit.
For the reasons assigned, the judgment of the trial court awarding $1,636.78 on the quantum meruit is reversed and set aside. In all other respects, 'the judgment is affirmed.
Amended and affirmed at plaintiff’s cost.