McBRIDE, Judge.
Plaintiff, Lucien M. McLeod, filed this suit against Jesse H. Levy, doing business as Caravan Towing Company, for $1,668.-61, being a commission of five per cent of the total amount of towing contracts which plaintiff claims he secured for defendant, who is a tugboat operator.
In his original petition it is alleged that plaintiff is engaged in the business of ship agent and broker, and in accordance with the custom prevailing in such business, he is entitled to receive a five per cent commission on the total amount of all contracts solicited for the account of defendant. The petition then alleges that over a period extending from December 29, 1949, to March 31, 1951, plaintiff solicited various contracts on behalf of defendant as follows:

The defendant initially interposed an exception of no cause or right of action, and on the same day that the exception was filed the plaintiff, fot; some undisclosed reason, filed a supplemental and amended petition changing paragraph 3 of the original petition so as to read as follows:
“HI
“Your petitioner and the defendant entered into a verbal contract by the terms of which your petitioner would undertake to solicit towing contracts for the defendant in return for the usual 5% commission.
“Over a period extending from December 29, 1949, to March 31, 1951, your petitioner solicited various towing contracts on behalf of defendant, as is more fully shown by the itemized statement attached hereto. Your petitioner secured contracts for towing serv *551 ices for vessels then owned ant, as follows: by the defend-

Also, by the supplemental and amended petition, plaintiff added an additional paragraph numbered III (A) reading as follows:
“Although defendant agreed to pay your petitioner the commission for soliciting these contracts the defendant has failed to do so.”
Therefore, it will be clearly seen from the above recital that the plaintiff had commenced his action on a quantum meruit basis, but by filing the supplemental and amended petition shifted his position so as to pitch the claim for the commissions strictly on a contract basis.
After the supplemental and amended petition had been filed, by agreement of counsel, the exceptions which had been leveled against the original petition were overruled.
Subsequently, defendant filed an answer in which he specifically denied having entered into any contract or agreement with plaintiff to pay him any kind of commission whatsoever; defendant further alleged that he purchased the boat known as “Sentell No. 1” from a principal of plaintiff, and as a result of the sale of the boat to defendant, the plaintiff earned a substantial commission; that as an inducement to defendant to purchase said boat the plaintiff assured defendant that he “would see that the boat was kept busy.” Defendant then went on to allege that the business supplied by plaintiff kept the boat busy for about a year and a half, but thereafter the prices quoted by plaintiff for the use of defendant’s boat were so low defendant began to lose money and was finally forced to refuse any further business offered by plaintiff, whereupon plaintiff became angry and suddenly and for the first time rendered a bill for the $1,668.61.
The case was heard on its merits in the court below and the trial judge was of the opinion that plaintiff had failed to show that he had a verbal contract with defendant and the suit was dismissed under authority of Fleury v. Ramos, 218 La. 293, 49 So.2d 17, 18. Plaintiff has appealed.
When the case was called for trial, plaintiff attempted to prove by a Mr. James L. Stulb what were the customs in the ship agent brokerage business, and counsel for defendant promptly objected to the admission of such testimony on the ground that plaintiff had declared on a specific contract and could not recover on a quantum meruit basis. The objection to the testimony was sustained. During the colloquy between the court and counsel, plaintiff’s trial attorney made this statement:
“We are going to have to prove a definite verbal contract, but I want to go on and broaden, expand the scope of what I have said in here.”
The judge answered:
“You can’t do that, my friend; have to stick within the four corners of that petition.”
We agree that the plaintiff has utterly failed to prove that there had existed between the parties any contract for the payment of commission for such business as plaintiff might secure for defendant’s account. Plaintiff at all times maintained that there was a contract, but when asked on cross-examination where the agreement had been entered into he replied:
“Perhaps in my office; perhaps on the train; perhaps on the way to Tuscaloosa; perhaps on the way back, but certainly in my office on more than one occasion, and a lot of figures there which show where the commission was added, were made in my office. I couldn’t figure the value of his tug, cost of his crew, his fuel, anything else, and those items were drawn up together.”
Furthermore, plaintiff could not say if anyone was present when the contract was' entered into.
*552 On the other hand, the defendant emphatically denied entering into any sort of agreement with plaintiff and insisted that whatever business was sent to him was the result of plaintiff’s promise to keep the boat busy made in consideration of defendant having purchased the tug Sentell No. 1.
The case of Fleury v. Ramos, supra, cited by the trial judge in his reasons for judgment, seems to be complete authority for the dismissal of plaintiff’s suit. In the cited case the Supreme Court said:
“This suit being on an alleged verbal contract for the payment of money exceeding $500, the burden of proving such contract by at least one credible witness and corroborative circumstances rests upon the plaintiff. Article 2277, R.C.C.
“The trial judge found that the plaintiff had failed to meet the burden of proof to establish the alleged agreement and stated that ‘ * * * There is no proof of it in the record, except plaintiff’s own statement, which is not entirely clear as to where and when the contract was made, nor what its terms were, and that statement is specifically denied by an equally credible witness. * *
The plaintiff’s attorney cannot be serious in his argument that iMcLeod’s testimony is sufficient to prove the existence of a verbal contract between the parties, so we will confine further discussion to the alternative contention made before us. Counsel argues that there is sufficient evidence in the record to permit plaintiff to recover on a quantum meruit and that the case should be remanded to the district court with instructions to the judge below to receive such testimony as may be competent to establish the fair value of the services rendered to defendant and to enter a judgment for such amount as may be due.
The' ruling which excluded proof of the value of the services was correct, so we cannot remand the case for the purpose of allowing the testimony to be admitted. An unbroken line of decisions adheres to the rule that in the absence of some unusual
and equitable reason appearing from the record, and the particular situation seems to justify it, a plaintiff who sues on a contract should not be allowed to recover on a quantum meruit. Armstrong v. Toler, 11 Wheat., U.S., 258, 6 L.Ed. 468; Dalgarn v. New Orleans Land Co., 162 La., 891, 111 So. 271; Alexander v. Morgan, 130 La. 378, 58 So. 13; Condran v. City of New Orleans, 43 La.Ann. 1202, 9 So. 31; Succession of Piffet, 37 La.Ann. 871; Mazureau v. Morgan, 25 La.Ann. 281; Brown v. Bark Laura Snow, 14 La.Ann. 848; Gribble v. McKleroy, 14 La.Ann. 793; Bean v. Evans, 9 La.Ann. 163; Davis v. Holbrook, 1 La. Ann. 176; Collings v. Hamilton, 14 La. 339; Mitchell v. Curell, 11 La. 252; Deverges v. Lanusse, 9 La. 176; Morton v. Pollard, 9 La. 174; Gourjon v. Cucullu, 4 La. 115; Allen v. Martin, 7 Mart., N.S., 300; Thibodeaux v. Falcon, La.App., 197 So. 206; Miller v. Krouse, La.App., 177 So. 472; Keen v. Delatte, 3 La.App. 41; Maurer v. Vizard, 3 Orleans App. 151; Katz v. Karnofsky, Orleans No. 9614, unreported. See Louisiana and Southern Digest. The reason for the rule is that the defendant cannot be expected to be prepared to meet proof as to the value of services where the claim is based on a contract for a specific amount. However, the rule does not apply if the plaintiff bases his claim on a contract but makes an alternative plea for a recovery on a quantum meruit in case he fails to make proof of the existence of the contract. When inconsistent demands are made in the same pleading but are set up in the alternative, they are not repugnant to our system of pleading. Boxwell v. Department of Highways, 203 La. 760, 14 So. 2d 627. But the supplemental petition does not alternatively set forth that a contract existed; by filing the supplemental pleading plaintiff seems to have completely abandoned his first position that he was entitled to recover on a quantum meruit. Therefore, having elected to bring his action on the theory that he had a definite contract with defendant, and his choice being thus, he cannot now insist in the same suit that he has the right of recovery on any other theory or basis.
Craton v. Inabnett, La.App., 62 So.2d 129, cited by plaintiff, is not applicable for the *553 reason that the plaintiff there predicated his right to a recovery on an agreement with the defendant to pay a commission, or alternatively on a quantum meruit.'
Without passing on the merits of plaintiff’s claim, we do not believe that under the pleadings in the record he is entitled to a judgment, hut it would be entirely unreasonable to permit defendant to possibly enrich himself at the expense of plaintiff, and it occurs to us that the only fair thing to do under the circumstances is to reserve plaintiff’s right to claim by proper proceeding such amounts as he contends are due for such services as he may have rendered to and for the benefit of the defendant. See Mauref v. Vizard, supra.
Therefore, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to reserve to plaintiff the right to claim by proper proceeding such amounts as he contends are due him for services performed for the defendant and which have enured to defendant’s benefit, and as thus amended and in all other respects, the judgment appealed from is affirmed. Plaintiff is cast for the costs of this appeal.
Amended and affirmed.