GOURJON *vs.* CUCULLU.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

| 4 | 115 |
| f123 | 104 |

An agreement for the price of services does not preclude proof of their value.

A broker who undertakes to sell slaves for a certain commission on the aggregate amount of sales, can claim none on the value of slaves which remain unsold and are returned.

The petition set forth that the plaintiff undertook to sell for the defendant a number of slaves, for which the latter agreed

to pay him a commission of two per centum on the aggregate amount of sales. That a large number was placed in his hands, a part of which was sold, and the remainder returned. The petition further set forth, that for his care, trouble and brokerage, the plaintiff was entitled to a commission of two per centum on the price of the slaves sold, and of one per centum on the value of those unsold and returned.

To this action the defendant pleaded the general issue, and on the trial of the cause took a bill of exceptions to the opinion of the judge *a quo*, in permitting the plaintiff to prove, by witnesses, the value of his services.

From a judgement in favor of the plaintiff for the whole amount claimed, the defendant appealed.

*De Armas*, for appellant, made the following points:

1. The judge *a quo* erred in permitting the examination of witnesses on the *quantum meruit*, because in the petition the plaintiff relied on a special agreement.

2. If the examination of witnesses on the *quantum meruit* was properly granted, the judge erred in giving judgement for commissions on negroes sold by plaintiff as broker, sold by other brokers, and for negroes remaining unsold.

3. The plaintiff could recover but on two grounds: on a special contract, or on a *quantum meruit*. If on the special contract, it ought to have been produced or accounted for. If on the *quantum meruit*, the judgement ought to have been given but on the price of the negroes actually sold.

*Morphy*, contra.

The allegation of an agreement made for services, does not preclude the proof of their value.    8 *Martin's Rep. p.* 402. 3 *id. N. S.* 286.    4 *id. N. S.* 178.

Martin, J., delivered the opinion of the court.

The plaintiff alleges he undertook to attend to the sale of a cargo of slaves, received by the plaintiff on an agreement that

he should receive a commission of two per centum on the aggregate amount of the sales. He claimed said commission, and one of one per centum on the value of the slaves unsold and returned to the defendant, and a trifling sum for necessary advances made for the slaves. He had judgement for his whole claim, and the defendant appealed.

At the trial, his counsel objected to the introduction of evidence on the *quantum meruit.* His objection was overruled, and he took a bill of exceptions.

The plaintiff's counsel has shown, that in the case of *Gilly et al.* vs. *Henry,* 8 *Martin,* 402, we held that an agreement for the price of services does not preclude evidence of their value; in *Boyd et al.* vs. *Howard,* 3 *id. N. S.* 286, that the value of goods may be proved without a count on a *quantum nabbant. Same case,* 4 *id. N. S.* 178. It is therefore clear the parish judge did not err in admitting the evidence.

*An agreement for the price of services does not preclude proof of their value.*

The defendant's counsel then contended that the parish judge erred in giving judgement for commissions on slaves sold by other brokers than the plaintiff, and half commission on slaves unsold and returned to the defendant.

The testimony shows the whole cargo was placed under the care and management of the plaintiff. It is shown that those who thus take charge of slaves in this way, and attend to the sales, receive a commission of five per centum, and those who attend to the sales only, two per centum. The plaintiff employed and paid with the consent of the defendant, a person to assist him in the care and sale of the slaves. The plaintiff, as the parish judge has concluded, could not by occasionally selling slaves himself, deprive him of or reduce his commission. But we think the judge erred in allowing any commission for unsold slaves returned. The petition states an agreement for a commission for the care and sale of the slaves, of two per centum on the aggregate amount of the sales. He therefore cannot claim any commission on the value of unsold slaves.

*A broker who undertakes to sell slaves for a certain commission on the aggregate amount of sales, can claim none on the value of slaves which remain unsold and are returned.*

The defendant is consequently entitled to a deduction of ninety dollars, the commission on nine thousand dollars, the supposed value of the slaves returned.

It is therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be annulled, avoided, and reversed, and that there be judgement for the plaintiff for four hundred and fifty-one dollars, with costs in the Parish Court, he paying them in this.