MORTON
vs.
POLLARD.

### MORTON vs. POLLARD.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

In an action on a special agreement, for the *price* of putting up a mill,
evidence of the *value* of the work and labor done on it, will not be
admitted; the parties having agreed on the price.

There is no law requiring a party claiming damages, for an injury resulting
from the non-performance, or unskilful performance of a contract for
work and labor to be done, to first put the delinquent party *in morâ*.

This is an action on a written contract, entered into
between the plaintiff and defendant, in which the former
agreed to build a mill for the latter, who was to pay him six
hundred and seventy-five dollars, as the price therefor. He
alleges he has performed the contract, and claims the sum
agreed upon as now due, which the defendant refuses to pay.

The defendant admitted the written agreement sued on,
but avers the plaintiff failed to comply with his contract;
that the work he performed towards erecting the mill, was
done in an unworkmanlike manner, and so defective that she
was obliged to employ other workmen to complete it and
repair the defects; and that by reason of the delay and neglect
of the plaintiff, she has sustained damages in the loss of her
crop and expenses, to the amount of one thousand dollars;
for which she prays judgment in reconvention.

Upon these issues, the parties went to trial before the
court and jury. The plaintiff asked a witness what was the
value of certain parts of the mill, which had been made by
him under his contract. The defendant objected to the
question asked of the witness, on the ground that a specific
contract existed between the parties, and it was not competent
to go into an inquiry of the value of parts of the work, there
being no allegation of part performance, and that he was

entitled to recover.as upon a *quantum meruit.* The objections were overruled by the court, and a bill' of exceptions taken.

The defendant offered evidence to prove the amount of damages sustained by the defective and bad manner in which the plaintiff had performed the work, for the reason that the defective performance of the work, formed a ground of action for a violation of the contract, and that it was not necessary to show that the plaintiff had been put *in morâ.* The evidence was objected to, and the objection sustained by the court. The defendant excepted.

The cause was submitted to a jury on the evidence produced, and a verdict was returned in favor of the plaintiff for five hundred and twenty-five dollars. From judgment rendered thereon, the defendant appealed.

The case was argued *ex parte,* by *Mr. Labauve,* for the defendant and appellant.

*Martin, J.,* delivered the opinion of the court.

This is an action to recover from the defendant the sum of six hundred and seventy-five dollars as the price of work and labor done in building a mill for the latter, in pursuance of a written agreement between the parties.

The defendant resists payment on an allegation that the work done on the mill had been so defectively and unskilfully executed, that the plaintiff, so far from having complied with his contract, and benefited her by erecting and completing her mill, by his delay and bad workmanship, had caused her material injury, and was the means of losing her crop. She claimed damages in reconvention. The plaintiff had a verdict and judgment, from which the defendant appealed.

In the argument of the case, the counsel for the appellant has drawn the attention of the court to two bills of exception. The first is taken to the admission of evidence offered to prove the value of part of the work and labor done.

The second bill of exception, is taken to the refusal of the judge to receive evidence, offered to support the claim and plea in reconvention.

EASTERN DIST.
*February*, 1836.

In an action on a special agreement, for the *price* of putting up a mill, evidence of the *value* of the work and labor done on it, will not be admitted, the parties having agreed on the price.

There is no law requiring a party, claiming damages for an injury resulting from the non-performance, or unskilful performance of a contract for work and labor to be done, to first put the delinquent party *in morâ*.

We are of opinion the district judge erred, in excluding the evidence, in both instances. The parties having agreed on the price to be paid for the work and labor in putting up the mill, evidence of the value of the work done, is inadmissible.

The court declared it as its opinion, that the violation of the contract for which damages were sought in reconvention, was passive and not active, and that it should be first shown that the plaintiff had been put *in morâ* for the non-performance of his contract, before the defendant in reconvention could recover damages.

This court is unacquainted with any rule of law, which requires the party claiming damages for an injury sustained on account of the non-performance or defective performance of a contract for work and labor to be done, to first put his adversary *in morâ*, before he can be permitted to prove his damages.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside and the case remanded for a new trial, with directions to the judge not to allow evidence of the value of the work on a *quantum meruit*; nor to reject evidence in support of the plea in reconvention; and that the plaintiff and appellee, pays costs in this court.