EASTERN DIST. February, 1836.

DEVERGES vs. LANUSSE.

---

## DEVERGES vs. LANUSSE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a mortgage is regularly recorded, before sale and conveyance of the property in dispute to the defendant who is third possessor, and before the latter became a creditor of the mortgagor, ought he to be allowed to impeach the validity of the contract of mortgage as against the mortgagee: *Quære ?*

Where the consideration of a contract of mortgage is impeached by the third possessor of the mortgaged premises, *primâ facie* evidence of the genuineness inherent in the contract itself, coupled with proof of advances in money, &c. *to the mortgagor by the mortgagee, will authorise a recovery against the third possessor.*

EASTERN DIST.
*February,* 1836.

DEVERGES
*vs.*
LANUSSE.

This is a hypothecary action against the third possessor of mortgaged property. The plaintiff claims the amount of a promissory note for nine thousand three hundred dollars, executed by his son to him for advances of money, and secured by a mortgage on certain property in the city of New-Orleans. Since the execution of the note and mortgage, Deverges, the son and mortgagor, sold the mortgaged premises to the defendant, Lanusse. The plaintiff prays for an order of seizure and sale of the property in contest.

The defendant resisted the order of seizure, and also the plaintiff's hypothecary action, on several grounds : *First*, that the plaintiff never advanced the money to his son for which the note purports to have been given ; that the act of mortgage is simulated and the note given without consideration.

2. That by the declarations of father and son, the note in question was cancelled.

3. That certain slaves given in the same act to secure this pretended debt, are in the plaintiff's possession or have been sold for his benefit, and he is required to account therefor.

4. That when he purchased the property in dispute the son of the plaintiff declared in the act there was no note due by him to his father, but that it was extinguished.

He prays that P. Deverges, the son and mortgagor, be cited, and if he fails in his opposition, that he may have judgment against said mortgagor for eight thousand dollars loss and damage.

Upon these pleadings the parties went to trial. Much testimony was taken and produced on both sides, which is stated in the opinion of the court.

The district judge in trying the case, remarked that it contained conflicting equities which could only be correctly settled by a close attention to the relation of the parties and a minute detail of facts. He finally decreed a sale of the

23

property to pay the plaintiff's claim, after allowing the costs of this suit and a sum of        dollars to the defendant, and the remainder, if any, be paid to the defendant.    The latter appealed.

*Canon,* for the plaintiff.

*Peirce,* contra.

*Mathews, J.,* delivered the opinion of the court.

This is an hypothecary action in which the plaintiff prayed for an order of seizure and sale of a house and lot (as described in his petition) which was at the time held by the defendant as a third possessor who makes opposition to the seizure, alleging that the mortgage under which it is claimed is simulated and that no consideration was given by the mortgagee for the promissory note of the mortgagor, to secure the payment of which the contract of hypothecation was made.    On this opposition, the plaintiff proceeded to prove the reality and genuineness of the contract, and thus to justify its fairness and honesty.

The court below, after hearing much testimony, supported by its judgment the order of seizure and sale, from which the defendant appealed.

The mortgage purports to secure the payment of nine thousand three hundred dollars, the amount of a note given by the mortgagor to the plaintiff at the time of entering into the contract, and also to secure the latter for endorsements, which he might make subsequently for the use and benefit of the former.

This was a transaction between a father and his son, who at the time was about to commence some mercantile pursuit, and appears to have been intended to aid him in his undertaking.    No specific amount of endorsements is stipulated in the contract of hypothecation, nor is any thing claimed on that ground in the present suit, although evidence of endorsements to a considerable sum appears in the record.    This part of the cause need not, however, be commented on, as

we are of opinion with the court below, that the plaintiff has made out his case as it relates to the promissory note given by his son at the period when the contract of mortgage was entered into.

This mortgage was regularly recorded long before the mortgagor conveyed the property in dispute to the defendant, and before he became a creditor of the former. Under these circumstances, a question might be raised whether the appellant ought to be allowed to impeach the validity of a contract in which he was not at the time of its confection interested, either directly or indirectly, and of the existence of which he must be supposed to have had knowledge, as it was made in public and authentic form, and had been duly registered in the office of recorder of mortgagés. But it is unnecessary to touch this question, believing as we do that the testimony of the case establishes the reality and truth of the agreement in relation to the note which it purports to secure.

It is proven on the part of the plaintiff that five thousand dollars had been borrowed from the Merchants' Insurance Company, in the month of March, 1831, in the name and on the credit of Deverges, the father, which sum was received by the son. The note which was given by the plaintiff is still due by him and he has paid the interest on the capital. This was done three months before the date of the note and contract of hypothecation now in question, which has never been regularly cancelled. There is also evidence on the record of three thousand dollars more having been advanced by the father to his son. If, to the force of this testimony, be added the *primâ facie* evidence of genuineness inherent in the contract itself, and if we further take into consideration the fact shown by the record, that the plaintiff will probably suffer large losses by the mismanagement of his son in conducting his business, it would seem that principles both of law and equity clearly support the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

EASTERN DIST.
*February,* 1836.

DEVERGES
*vs.*
LANUSSE.

Where a mortgage is regularly recorded, before sale and conveyance of the property in dispute to the defendant, who is third possessor, and before the latter became a creditor of the mortgagor, ought not to be allowed to impeach the validity of the contract of mortgage, as against the mortgagee: *Quære?*

Where the consideration of a contract of mortgage is impeached, by the third possessor of the mortgaged premises, *primâ facie* evidence of the genuineness inherent in the contract itself, coupled with proof of advances in money, &c., to the mortgagor, by the mortgagee, will authorise a recovery against the third possessor.