MITCHELL ET AL.
vs.
CURELL.

*first contract, but substituting a new one, without any written evidence whatever.*

---

### MITCHELL ET AL vs. CURELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff erected certain buildings on a contract with the defendant, and the latter took possession without making any objections to the work, he cannot afterwards urge that there were some slight variations from the contract, in order to withhold payment.

Where instalments of the price of certain work are payable either in cash or notes at short dates, the payer is chargeable with the discount on the notes thus received.

The undertaker or builder cannot recover items for certain work done by him, which was agreed in the contract should be done by the owner.

Where the plaintiff declares on a contract, he cannot recover on a *quantum meruit*.

EASTERN DIST.
*May*, 1837.

MITCHELL ET AL.
*vs.*
CURELL.

This is an action to recover the sum of six hundred and fifty-three dollars, the balance on a contract for building a store for the defendants.

The contract and an account was annexed to the petition.

The defendants pleaded a general denial to the account, and admitted their signatures to the contract, but required strict and legal proof of every other matter alleged.

The case was submitted to a jury on the evidence adduced, who returned a verdict for the plaintiffs, allowing their whole claim. From judgment rendered thereon, the defendants appealed.

*Carter*, for the plaintiffs.

The judgment of the court below should be affirmed.

1. The plaintiff agreed to build for defendants, a store, according to a contract which was signed by the parties. It is in evidence, that two competent judges, both builders, examined the store in question, with the contract in their hands; and that they gave to the plaintiffs a certificate, stating that " the store was finished according to the terms of the contract." This certificate was furnished previous to the commencement of this suit.

2. The case turns upon questions of fact. A jury of the country has decided in favor of the plaintiffs, and the only objection raised by the defendants in resisting the judgment of the court below, consists in this, " that the floor of the *second* story was planed, instead of the floor of the *first* story." It is in evidence, that the store, in this condition, was accepted by the defendants, and the tenants who have since occupied it, made no objections to it, nor has it had any effect on the rent paid for the same. This court will not permit such a frivolous defence to the honest claim of the plaintiffs, to produce a reversal of the judgment of the court below.

3. The defendant has suffered no damage, and this court will not suffer him to escape from the payment of such a just debt.

*T. Slidell, contra.*

1. The plaintiffs have declared upon a specific contract for building a house according to certain articles, and ask the specific price. In such a case they cannot obtain a *quantum meruit*, and are obliged to show an absolute and entire performance of the terms of the contract. See *Morton vs. Pollard*, 9 *Louisiana Reports*, 174.

2. The plaintiffs have failed to prove a performance in the following particulars:

1st. It is proved that the ground floor was not planed as stipulated in the contract: it is not shown that this was omitted with defendants assent.

2d. The second story was to have *three* coats of plaister throughout; it is shown that it had only two coats of plaister. Plaintiffs have not even shown the value of two coats of plaister. The house was leaky and badly covered.

3. Even if the court should consider that in a case of this sort, and especially under the form of petition adopted by plaintiffs, he can recover it all where a complete and entire performance is not shown, still the verdict of the jury is based upon an allowance of two items, for discounts on the notes received in payment by plaintiff, and thirty-five dollars for heads and sills, which items are not supported *by any proof whatever.*

Bullard, J., delivered the opinion of the court.

This is an action to recover the balance due on a building contract. There was a verdict and judgment for the plaintiffs, and the defendants appealed.

It appears that when the building was completed the defendants received it without objection. They now urge that there was some slight variations from the contract. We think the jury warranted in concluding that those deviations were assented to by the defendants, who took possession

Where the plaintiff erected certain buildings, on a contract with the defendant, and the latter takes possession without making any objection to the work, he cannot afterwards urge that there was some slight va-

without objection, more especially as it appears that as much work was done as was called for by the contract.

The contract specifies the time at which different installments of the price of the work was to be paid, either in cash or notes at short dates; and the defendants now complain that they are charged with discounts on notes given under this agreement. It is certain, that he who pays later pays less, and we understand the agreement to be, that on fixed days the proprietors were to pay certain sums or their equivalent in notes at short dates. Now, the undertakers were under no obligation to lend their names to the defendants as endorsers of their notes, and we think the jury justified in concluding that the notes were to be discounted for account of the proprietors.

But there is one item of the account which appears to us to have been improperly allowed, to wit: thirty-five dollars for setting up heads and sills. It was expressly agreed that that part of the work was to be done by the defendants themselves, and the plaintiffs cannot recover for it in this suit. In this respect the judgment is erroneous.

The case of Morton *vs.* Pollard, cited by the defendants' counsel appears to us inapplicable. It is true, that when the plaintiff declares on a contract he cannot recover on a *quantum meruit*, but in this case no offer was made to prove the value of the work different from the price fixed by the contract.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; and it is further adjudged and decreed, that the plaintiffs recover from the defendants the sum of six hundred and eighteen dollars and eighty-two cents, with costs in the District Court, those of the appeal to be paid by the plaintiffs and appellees.

---

*Margin notes:*

EASTERN DIST.
*June,* 1837.

MITCHELL ET AL.
*vs.*
CURELL.

riations from the contract, in order to withhold payment.

Where instalments of the price of certain work are payable, either in cash or notes, at short dates, the payer is chargeable with the discounts on the notes thus received.

The undertaker or builder cannot recover items for certain work done by him, which was agreed in the contract should be done by the owner.

Where the plaintiff declares on a contract, he cannot recover on a *quantum meruit.*