LACOCK<br>
*v.*<br>
DAVIDSON.

---

## W. M. BEAN *v.* EVANS & STEPHENSON.

Where one party to a suit introduces the conversation of the other party in evidence it is not competent for him to divide the conversation, using one part of it as evidence, and rejecting the other.

APPEAL from the District Court of the Parish of Carroll, *Perkins* J. *Goodrich,* for plaintiff. *DuBose,* for defendant and appellant.

OGDEN, J. The plaintiff sues the defendants for wages as their overseer during the years 1851 and '52. The suit was filed on the 2d December, 1852, and was premature as regards the claim for the last year's wages. We think the court below erred in not sustaining the exceptions of the defendants and dismissing that part of the action.

Our enquiry must therefore be confined to the correctness of the verdict and judgment against the defendants for the wages of 1851. The plaintiff claimed in his petition $650, for his wages during that year, without allowing any credit. The defendants set up in their answer a special contract for $350, and the evidence shows that a settlement was made between the parties, in which the plaintiff acknowledged that such was the agreement, with the qualification however, that for all the cotton made on the place over 200 bales he was to receive $2 per bale, the defendants at the same time resisted that pretension and asserted that by the agreement it was only $1 per bale over 200 that the plaintiff was to receive, it is shown by the testimony of a witness who was present, that with the exception of that difference which was not adjusted, the plaintiff acknowledged himself satisfied with the settlement, and it was proved that the $350 for the year 1851 was paid. The defendants on the trial excepted

to the opinion of the court, sustaining the objections made by the plaintiff to the declaration made by defendants at that settlement, that it was $1 per bale instead of $2, which by the agreement plaintiff was to receive. As the conversation was offered in evidence by defendants for the purpose of establishing the existence of a contract by the plaintiff's acknowledgement, we think that acknowledgement could not be divided, and that it was not competent for the defendants to make use of one part of it as evidence and destroy the other part by their own version of the agreement. The circumstance that on cross-examination of the witness by plaintiff's counsel, the witness was called on to state what he had already stated when examined in chief as to the plaintiff's declarations, did not furnish any good reason to permit the defendants to make their own declarations evidence in the cause. We think the court did not err in rejecting the evidence.

Another exception was taken by the defendants, to the refusal of the Judge to charge the jury, that if they were satisfied that these were valid contracts between the parties, they must find for the defendants, as the plaintiff had sued on a *quantum meruit.*

We cannot say the Judge erred in refusing to give that charge, because it does not clearly appear from the pleadings that the action was based on a *quantum meruit,* and the existence of a contract between the parties, as the subject matter was not pleaded as an exception tending to the dismissal of the action.

The claim in reconvention set up by the defendants for damages sustained by reason of the plaintiff's mismanagement of the plantation for the year 1852, cannot be considered in the present suit, as it grows out of that part of the plaintiff's claims which we think ought to have been dismissed on the exception.

If the plaintiff had alleged in his petition that the defendants had discharged him without justifiable cause before the year expired, the action would not have been premature, and we should have had to decide whether the conduct of the plaintiff justified the defendants in discharging him, and whether their claim in reconvention for damages was well founded, but those matters cannot be passed on at present without denying to the defendants their legal right to insist on that part of the action being dismissed under the exception.

The objections urged by the defendants against the sequestration which they moved to set aside are not in our opinion tenable.

It was proved that the crop of 1851, was between 250 and 270 bales, and the jury found a verdict in favor of plaintiff for $120 for the balance due to him for that year, and so far we think the verdict and judgment of the court below correct. It is therefore ordered, adjudged and decreed, that the judgment of the court below in favor of the plaintiff against the defendants for one hundred and twenty dollars, with five per cent interest from the 1st January, 1852, be affirmed, and that the judgment against the defendants for the sum of $360 and interest for the plaintiff's claim for wages for the year 1852 be avoided and reversed, and the suit for that portion of the claim be dismissed as in case of nonsuit, the costs of this appeal to be paid by the plaintiff and appellee.