## J. B. GRIBBLE *v.* McKLEROY & BRADFORD.

A motion made to order the plaintiff to make a choice of his cause of action, and declare whether he sues on a contract, or a *quantum meruit,* is in its nature dilatory and can only be made *in limine litis.*

When a party sues on a *quantum meruit,* and the petition discloses an express contract, he can only recover on the contract, although he may be permitted to prove the value of his services.

The date is not of the essence of a contract of letting and hiring, and proof of the fact that it was made on a day different from that alleged, is sufficient to sustain it.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*Lea & Marr,* for plaintiff and appellant.   *Clark & Bayne,* for defendants.

LAND, J.   The plaintiff sues for an alleged balance of salary due him, as the former confidential clerk of the defendants, cotton factors in this city. He alleges, that on or about the 15th of November, 1853, he entered into and continued in the service of the defendants, (his engagement being renewed from year to year,) until the 15th of November, 1856, when it was again renewed for the ensuing year. That his account with the defendants was settled on the 1st of July, 1856, by crediting him at the rate of $3000 per annum for the preceding year, and that no definite arrangement was made for the future, although he remained in the service of the defendants, performing onerous duties, and holding the power of attorney of the firm, from that time until about the 1st of November, 1856, during which period the defendants were absent from this city, and that he is entitled to demand and to be paid for the services thus rendered, at the rate of $300 per month, for the period embraced between the 1st of July and the 15th of November, 1856. He further alleges, that during the month of November, 1856, *Mr. McKleroy* promised him a minimum salary of $3000, with the assurance that it should be as much larger as the business of the house would justify; that he continued his services and gave entire satisfaction, until the 17th of April, 1857, when he was capriciously discharged by *Mr. Bradford;* and that he is entitled to demand and to be paid the sum of $4000 for the year beginning the 15th of November, 1856, and ending the 15th of November, 1857.

The answer of the defendants is a general denial, modified by the admissions that the plaintiff was in their employment, and that from the 1st of July, 1856, they had determined to allow him $250 per month, so long as there should be a

100

mutual agreement between them. The answer contains a special averment, that the plaintiff voluntarily left the employment of the respondents at the date mentioned in his petition, and also a claim in reconvention for the sum of $395 74, the amount for which it is alleged the plaintiff had overdrawn his account.

Before going to trial upon these pleadings, the defendants moved the court to order the plaintiff to make an election of his cause of action, and to declare whether he sues on a contract or on a *quantum meruit.* The motion was in effect overruled, and was properly disregarded on the trial of the cause. The motion was made after issue joined, was in its nature dilatory, and should have been made *in limine litis,* if sustainable at all, in this action.

The District Judge did not err in receiving evidence of the *special agreement* alleged in the plaintiff's petition. Where a party sues on a *quantum meruit,* and the allegations of his petition disclose, as in this case, an express contract, he can only recover upon the latter, although he may be permitted to prove the value of the services rendered. Nor did the Judge err in receiving evidence of the value of the services; for it has been held in several cases that, if the plaintiff sues for services on a special contract, he may give evidence of their value. See the case of *Gourjon* v. *Cucullu,* 4 La. 117. If a party can prove a fact on the trial of his cause, he may certainly allege it in his petition.

The allegation, that *Mr. McKleroy* promised the plaintiff a certain salary of $3000 for the year, with an additional promise of a contingent increase dependent on the success or profits of the business of the firm, and that the plaintiff continued his services, discloses, as against him, the existence of an express contract of letting and hiring, which relates back to the commencement of the service or employment for that year. This allegation gives character to the suit, and determines the plaintiff's right of recovery to be on the contract, and not on the *quantum meruit.*

There is, however, a material difference between the parties as to the time of the commencement of the year for which the plaintiff is entitled to recover for his services. The defendants contend that it was on the 1st of July, 1856, the date of the settlement of the plaintiff's accounts, and the beginning of the financial year of their firm; the plaintiff, on the other hand, contends that the year commenced on the 15th of November, 1856, the date of the alleged new understanding. The settlement of the plaintiff's account, at the end of the financial year of the firm is a presumption, that the commercial year of the house had become, with his assent, the year of his employment, in the absence of evidence to the contrary, and that this contract with *Mr. McKleroy* was for that year. And the presumption is not rebutted by the unsustained allegation in his petition, that the year commenced on the 15th of November, 1856.

The plaintiff, however, is not estopped by his averment of a verbal promise of a salary of $3000 for the year, made in the month of November, 1856, and that the year of his employment commenced from that date—but is entitled to the benefit of the evidence and the admissions in the record, showing the commencement of the year to have been on the first of July, 1856, at the salary specified in his petition. The date is not of the essence of the contract of letting and hiring, and evidence that it was made on a day different from that alleged is sufficient. The question is one of variance between the allegations and the evidence. He is, however, concluded by the averment of *a contract,* from recovering, as before observed, on a *quantum meruit,* for the whole or any part of his services.

GRIBBLE
*v.*
McKLEROY.

We are satisfied, from the admissions in the pleadings, and the evidence of the cause, that there was a contract between the parties, by which the plaintiff was employed at a salary of $3000 for the year commencing on the 1st of July 1856, and that his claims for services cannot, consequently, be considered as extending beyond that period.

Upon the question, whether the plaintiff was discharged without cause, or left the employment of the defendants voluntarily, we are not satisfied that the judgment of the lower court, which is in favor of the plaintiff, on this point, is erroneous. The views taken by the District Judge of this case, rendered somewhat intricate by the duplicity of the plaintiff's pleadings, are correct. From his judgment, both parties, plaintiff and defendants, have separately and regularly appealed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs of this appeal, one-half to be paid by the plaintiff, and the other half to be paid by the defendants.