## THIBODEAUX v. FALCON.
### No. 2135.

Court of Appeal of Louisiana. First Circuit.
June 28, 1940.

Moise Thibodeaux, of Baton Rouge, for appellant.

Warren O. Watson, of Baton Rouge, for appellee.

OTT, Judge.

The plaintiff alleges that he was employed by the defendant to supervise the construction of certain apartment houses in the City of Baton Rouge; that he was so employed for twenty two weeks (from February 23rd to July 24, 1937) at a basic rate of pay of $40 per week which amounted in all to the sum of $880; that during the said period he was paid at various times the total sum of $357.65, leaving a balance due him of $522.35 for which amount he asks judgment with interest.

The defendant admits that plaintiff did some work for him in supervising and superintending the construction of said apartments, but denies that plaintiff was employed by him for any fixed salary or for any fixed time. He avers that the plaintiff was out of a job and agreed to assist him in supervising the construction of said apartments for such compensation as he, defendant, saw fit to pay; that the real reason for getting plaintiff to assist in supervising the erection of said apartments was to give him something to do and with the purpose of placing him in a position where he might get other jobs; that it would be mutually profitable to both of them who are brothers-in-law for plaintiff to spend some of his time in supervising the work for the defendant, thereby getting plaintiff before the public as a competent builder and contractor, and at the same time assisting defendant at times when he himself could not be present to supervise the work; that it was never intended that plaintiff was to devote his entire time to said work; that he did get other offers of work by reason of being on this job. The defendant admits that he paid plaintiff the amounts alleged, but denies that he owes him any further sum whatever.

Judgment was rendered dismissing plaintiff's suit and he appealed to this court, but the appeal was dismissed by this court for the want of citation of appeal. 194 So. 77. The plaintiff secured and perfected another devolutive appeal within a year from the signing of the judgment.

In his testimony the plaintiff admitted that he had no contract with the defendant whereby he was to be paid $40 per week, or any other specific amount, for supervising the erection of the apartments. On the contrary, he states that there was no agreement whatever as to what he was to get and no amount was mentioned. He says that he thought he would ask for a living wage of $40 per week, but he admits that he did not ask for any further amount than he had already been paid until several months after he had quit the job.

The defendant objected to any evidence seeking to prove a claim on a quantum meruit as the plaintiff had based his claim on a special contract of $40 per week. While the judge sustained the objection, it appears that considerable evidence got in the record, the effect of which was to show how long the plaintiff worked on the job, what he did, and the value of his services.

Unless there is some unusual and equitable reason shown by the pleadings and the particular situation seems to justify it, a plaintiff who sues on a contract should not be allowed to recover on a quantum meruit. Alexander v. Morgan, 130 La. 378, 58 So. 13; Dalgarn v. New Orleans Land Co. et al., 162 La. 891, 111 So. 271; Morton v. Pollard, 9 La. 174. The reason for the rule is that the defendant could not be expected to be prepared to meet proof as to the value of services where the claim is based on a contract for a specific amount for a particular time or for a specific job. Of course, the rule would not apply if the plaintiff bases his claim on a contract but makes an alternative plea for a recovery on a quantum meruit in case he fails to prove the contract.

■ We do not think this case presents such exceptional circumstances as to permit a recovery on a quantum meruit under allegations based on a contract for a specific amount, but conceding that evidence showing the services rendered and their reasonable value was admissible, we think the plaintiff has still failed to prove sufficient facts to justify a recovery on a quantum meruit.

The plaintiff was out of a job, and the defendant, his brother-in-law, largely out of a desire to give him something to do and put him in a position to get a regular job, gave him this temporary work, with the understanding that defendant would pay him what he could and what the services were worth. It was not intended to be a full time job as the defendant himself was able to attend to a good part of the supervising of the men when he was not working on his job with the Standard Oil Company. Moreover, it appears that what the parties expected might result from this employment actually did happen, and the plaintiff was able to get other jobs in his line of work by reason of coming in contact with the public.

Not only does the plaintiff admit that he had no agreement with the defendant for any specific amount, but he also admits that he received and accepted the various payments made to him during the time of his work amounting to $357.65 and made no request or demand for any further payment until some two or three months after he had left the job.

Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of appellant.

DORE, J., not participating.