TATE, Judge.
R. V. Hammond, plaintiff-appellant,, filed suit against H. A. Taylor, defendant-appellee, for unpaid wages, penalties, and attorneys’ fees under LSA-R.S. 23:631,, 23:632. He appealed from judgment dismissing his suit.
According to Hammond, he was employed and worked for Taylor as woods foreman at the latter’s sawmill in Vernon Parish from December 4, 1953, through May 21, 1954. He filed suit for $690-representing 23 weeks’ wages at $6 per day, 5 days per week; and also for interest, penalties, and attorneys’ fees. Defendant Taylor denies that Hammond was employed in the capacity of woods foreman. Both parties admit that during this period *889 Hammond was employed as cutter at 25‡ per tie, for which Hammond was paid.
The able District Court dismissed plaintiff’s suit after trial on the ground that he had not proved how many days he had worked between December 4, 1953, and May 21, 1954. (Almost the entire testimony of the two parties, the eight witnesses testifying on behalf of plaintiff, the three witnesses testifying on behalf of defendant, and the five witnesses whose testimony was admitted by stipulation as to the effect thereof, concerned whether or not Hammond had been employed by and worked for Taylor as woods foreman.)
Hammond testified that he worked for Taylor as woods foreman “between December 4th, 1953, and May 21st, 1954” (Tr-89); and Taylor admitted that Hammond had worked for him during the weeks in question (Tr-123), although denying that Taylor’s employment was in the capacity of woods foreman as well as cutter. Plaintiff’s lien was admitted without objection (P-4) showing that the work week was 5 days, and that plaintiff had missed two weeks’ work altogether in this period.
With due respect to the able and sincere trial judge, we do not concur in the dismissal of plaintiff’s claim on this ground, when defendant himself did not seek by cross-examination or contradictory testimony to prove a lesser number of days worked than that shown by the evidence admitted without objection, being five days •a week between December 4, 1953, and May 21, 1954, less ten days not worked •because of bad weather.
The District Court did not decide whether plaintiff Hammond was hired by defendant Taylor as woods foreman (in addition to his hire as cutter). Therefore, this Court must resolve this factual question.
The duties of woods foreman consisted of assigning portions of the tract to the various logging crews employed, of seeing that the logs cut got to the Taylor sawmill, and of keeping a tally of the ties cut by each crew for purposes of computing the weekly payments due by Taylor to each crew. It is Hammond’s contention that he performed these duties in addition to those of operating his own saw and logging crew, for which latter duties he admits receiving payment.
Considerable testimony was taken to the effect that Hammond had actually performed the duties of woods foreman. However, as urged by defendant, this is a suit upon an alleged verbal contract for wages ■ due in accordance therewith; and not a suit for the value of services rendered pursuant to any implied understanding (i.e., on quantum meruit). The latter theory is not pleaded in the alternative. It is well settled that in the absence of exceptional circumstances, a plaintiff who sues upon a contract is not allowed to recover on a quantum meruit, or for the value of services rendered; see many authorities cited, McLeod v. Levy, La.App., 78 So.2d 549, Thibodeaux v. Falcon, La.App., 1 Cir., 197 So. 206, 207.
Therefore, to recover, plaintiff Hammond has the burden of proving the alleged verbal contract of employment and the terms thereof.
Hammond testified that the contract was confected as follows: at about 8 p. m., after dark, Taylor drove alone to Hammond’s house in the country near Haddens Ferry, and offered him employment as cutter at 25^ per tie cut and in addition as woods foreman at $8.00 per day; Hammond agreed to meet Taylor next day in Leesville and drive to the tract 45 miles away, but did not agree at that time to accept employment; Hammond did so next day, in company with one, Odis Morrison, proceeded to the site of the job, and on the way back with Taylor accepted the job. There was no discussion on this second day of any price for Hammond’s services.
Morrison corroborated the trip to the tract with Taylor, testified that no price was mentioned, and testified that he heard *890 Taylor tell Hammond “he wanted him to take the woods over and log cutting and see that the log cutters got out the wood”. Taylor admitted the trip took place but testified it was solely for Hammond to decide whether or not to accept employment in the capacity of cutter at 25‡ per tie.
Plaintiff’s wife testified that lying in bed the first night she heard Taylor offer to give her husband “seven, then eight dollars, to look after the woods”. She testified she heard nothing else whatsoever of the conversation except this, including nothing concerning the offer to employ Hammond as cutter at 25^ per tie. Although Hammond had testified her position was three feet from the car, it appears from the evidence that it actually was from 18-27 feet away.
Jackson Fitts, storekeeper and creditor of plaintiff, went with him on May 21, 1954, when he first demanded from Taylor the alleged additional compensation due him as woods foreman, and again on May 28th. Fie testified that Taylor admitted owing plaintiff something, but not the $690 demanded. Taylor admitted these statements, but testified they referred to the then unpaid balance due Hammond as cutter at 25{i per tie.
Defendant Taylor testified that he did go to plaintiff Hammond’s house about December 1st; that he offered to hire Hammond to cut at 25^ per tie; and that he had stated that if he needed a woods foreman later, he would hire Hammond. He denies that any specific compensation was offered for this latter employment.
Fie also produced as witness one of his employees, Porter Clifton, who (both he and Clifton testified) was with him on the occasion of the conversation of December 1st. Clifton’s presence is denied by plaintiff and his wife and by the testimony of a storekeeper (who fed Taylor on one of the two occasions Taylor admitted to coming to Haddens Ferry seeking Hammond, and was positive Taylor was alone — which however may not have been the evening that Taylor found Hammond at home).
Clifton, like Hammond’s wife, seemed to remember nothing about the tie contract at 25f! per tie. But he did remember positively that Taylor had not mentioned any figure of six or eight dollars per day. However, Clifton testified that Taylor told Hammond he would pay the latter something extra for “cleaning up the sale”. He added, in response to a question from the Court, that “if he (Taylor) seen it was necessary to call on some more saws and had enough that he would hire him as woods foreman.”.
Plaintiff Hammond testified that the additional compensation promised him as woods foreman was the reason he gave up a job as cutter at 25(S per tie just 15 miles from his home to work for Taylor 45 miles from home, also receiving 25‡ per tie. Another inference favoring Plammond is defendant’s failure to call his partner, Bagwell, who operated the sawmill on the tract, and who according to statement in brief of counsel was present in court.
On the other hand, there were a number of unusual circumstances from plaintiff’s testimony which tended to support defendant’s version, such as: (1) Plaintiff Hammond admitted he did not request the compensation allegedly due him as woods foreman from December 4, 1953, until May 21, 1954, 5j4 months later — allegedly so that he could receive a sufficient sum to get out of debt; (2) Hammond testified that Taylor told him when he was first allegedly hired not to mention his employment as woods foreman to Taylor’s partner at the site, Bagwell; (3) Hammond testified that after the 15-minute conversation the night before embodying Taylor’s offer, he accepted employment the following day without any discussion whatsoever of the compensation —legally sufficient if true to create a contract, but perhaps (from the point of view of judging credibility from the cold record) not the probable or usual human behaviour; (4) Hammond’s testimony that Taylor, aside from having in the evening conversation voluntarily at Flammond’s hesitation increasing his offer of compensation from $6 per day to $8 per day as woods foreman, *891 further spontaneously informing plaintiff the following day after Hammond had accepted employment, “I’ll pay you a little extra for getting that scrapped up stuff”.
But most significant of all is plaintiff Hammond’s uncertainty whether, as alleged in his petition and indicated in his interrogatories,[1] the contract as entered into by offer on December 1, and acceptance on December 2, 1953, was to receive compensation at the rate of $6 per day; or, as testified by plaintiff on the stand, at the rate of $8 per day, which Hammond testified that he, plaintiff, voluntarily cut to $6 per day in a private conversation with Taylor several months later when Taylor was complaining of not making money with the sawmill.
We have not referred to the substantial evidence produced by plaintiff to the effect that he actually performed services for defendant as woods foreman, because this evidence not only supports a specific contract of employment as woods foreman, but also a theory of recovery on grounds of quantum meruit by performance of these services pursuant to a vague understanding that plaintiff would receive additional compensation therefor.
Taking the entire record into consideration, and without the benefit of the District Court’s appraisal of the credibility of the versions, we are unable to say that the plaintiff has borne his burden of proof in proving a contract of employment to work as woods foreman for defendant at a wage of either $6 or $8 per day.
But in view of the substantial evidence of actual performance of such duties by plaintiff for defendant, and without passing on the merits of the claim as we do not believe under the pleadings herein plaintiff would be entitled to judgment on a theory of quantum meruit, we feel that it is only fair under the circumstances to reserve plaintiff’s right to claim by proper proceeding such amounts as he may contend are due for such services as he may have rendered to and for the benefit of the defendant, as was done very recently by the Orleans Court of Appeal in McLeod v. Levy, 78 So.2d 549.
Therefore, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to reserve to plaintiff the right to claim by proper proceeding such amounts as he may contend are due him for services performed for the defendant and which have enured to defendant’s benefit, and as thus amended and in all other respects, the judgment appealed from is affirmed. Plaintiff is cast for the costs of this appeal.
Amended and affirmed.

. Interrogatory No. 21: Is it not a fact that you offered to pay R. V. Hammond $8.00 per day, as v/oods foreman, and he told you that he would take $6.00 per day, as woods foreman, plus whatever he could make cutting ties?