ELLIS, Judge.
Plaintiffs have filed this suit in which they are seeking to recover the sum of $231.16 which they alleged to be due them by the defendant under a verbal agreement brought about by the unauthorized planting of rice upon a ten-acre tract of land in Cal-casieu Parish. The defendant was renting the surrounding land for the purpose of growing rice and the plaintiffs alleged that they discovered their land had been plowed and planted by the defendant. As a result they demanded rent from the defendant whom they allege “then agreed in October 1953 (the exact date of which is in defendant’s knowledge), that the defendant would pay one-fifth (b£) of the rice produced from the land as land rent, and that he would pay this amount to the petitioners as soon as the crop was sold.”
The defendant denied having entered into any such agreement and on the contrary alleged that the land pointed out by plaintiff Webre had been planted and cultivated by him under a rental agreement between defendant and a Mr. Henry Kinney on behalf of a co-partnership known as Skat Farms, and further answering alleged that plaintiff Webre was advised that the amount of rent if any, reasonably due to-him, would be paid by Skat Farms. Defendant further alleged in his answer that a fair value of the land suited for rice was not more than $5 per acre and further that: “ * * * rather than suffer the inconvenience of litigating the matter, has and does hereby admit liability in the amount of not more than $100.00 and tender such sum, together with interest at 5% per annum from date of judicial demand until paid and the costs accrued to date, by depositing the same in the Registry of the Court.”
The order signed by the court as a result of the defendant’s answer reads as follows :
“Let the amount of $117.40 tendered by the plaintiff to cover the sum of $100.00, plus interest of $1.00 and Court costs of $16.40, be deposited in the Registry of the Court as a tender to the plaintiffs of the amount of liability admitted by the defendant, which amount the plaintiffs may withdraw without prejudice to their right to continue their action for any additional amounts as claimed.”
The case was duly tried and resulted in a judgment based strictly upon quantum *859 meruit in the sum of $144.38. The District Judge found that at least 7 acres of plaintiff’s land had been planted which produced 98 barrels of rice and that i/s of this amount was due as rental to the plaintiffs based upon the value of $8.25 per barrel. It appears that the District Court found the amount to be 17.5 barrels when it should have been 19.6 barrels.
From this judgment the defendant has appealed and the plaintiff has answered seeking the full amount sued for originally.
The defendant contends that the judgment of the court below is in error as plaintiffs’ petition declared upon, a verbal contract with no alternative pleadings for recovery under quantum meruit. Defendant’s position is well taken and is amply supported by the jurisprudence on this particular point in Hammond v. Taylor, La.App., 80 So.2d 888, and McLeod v. Levy, La.App., 78 So.2d 549.
The McLeod case, supra, clearly states the rationale of this position on page 552:
“ * * * The reason for the rule is that the defendant cannot be expected to be prepared to meet proof as to the value of services where the claim is based on a contract for a specific amount. However, the rule does not •apply if the plaintiff bases his claim on a contract but makes an alternative plea for a recovery on a quantum mer-uit in case he fails to make proof of the existence of the contract. When inconsistent demands are made in the same pleading but are set up in the alternative, they are not repugnant to our system of pleading. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 * * *”.
Counsel for plaintiffs agree with the law as expressed in the jurisprudence cited, however, in brief state: “ * * * we would like to point out that defendant in this matter has certainly broadened the pleadings to bring the same under the provisions of quasi contract in spite of his attempt to show otherwise.”
Plaintiffs argue that the defendant in disagreeing with the -fact that a verbal contract or agreement had been entered into between the parties, introduced testimony that the 1/5 paid as land rent to other persons was subject to lessor paying certain expenses such as of the fertilizer, seed and other expenses incurred which might result in permanent improvement of the land. We cannot agree with this contention in view of the fact that the plaintiff alleged and declared upon a verbal contract for Ys of the rice produced from the land as rent and it is shown by the evidence that defendant made the statement that he was paying such a rent to others, however, he specifically denied that he agreed to pay such rental and only told the plaintiff Web-re that he was paying this amount to others but testified that it was subject to certain deductions such as y$ of the fertilizer, seed and expenses incurred for permanent improvements to the land. Clearly this testimony was admissiable under plaintiff’s petition. Should he have been able to prove an agreement under the original pleadings it would not have been an enlargement of the pleadings. This is too well settled to need citations of authority.
Although defendant in its answer raised the question of quantum meruit after denying the contract the plaintiff refused to allow any testimony on quantum meruit by a specific objection shown by the record and it was then and there agreed that the case should be tried strictly on the plaintiff’s allegation on a contract. The record as to plaintiff’s objection is as follows:
“Mr. Collings: Your Honor, I would like to make an objection at this time and ask that the objection be made general as to any testimony at all as to quantum mer-uit or improvements of the land by the use of canals or anything of that sort, since I think Article of the [LSA-] Civil Code 501 will definitely state that the owner of the land is entitled to the fruits of the land *860 and the only thing’ the owner has to do in the absence of an agreement is to reimburse to whoever plants his land for the expenses that he incurred, so that any proof as to quantum meruit, either directly or indirectly, I wouid like to make objection to it and ask the objection be made general.
“Mr. Anderson: As far as we are concerned, we don’t care to put any evidence in on quantum meruit. My understanding is, actually, since they sued on a contract that they couldn’t recover on quantum meruit.
“The Court: I don’t think there is any alternative pleading here.
“Mr. Anderson: No, and we did, however, make a tender of money that was on the quantum meruit basis but we are agreeable to have the thing stand or fall on the contract that they allege.
“The Court: Is that satisfactory, Mr. Collings ?
“Mr. Collings: Yes.”
Plaintiff’s next contention is that if there was no contract the defendant owes the plaintiffs the fruits of the land less expenses. This contention is not well founded for plaintiffs would have had to allege this in the alternative by virtue of the same rule of law which required an alternative allegation as to quantum meruit.
The District Court found that plaintiff had failed to prove the existence of a contract as alleged and we agree with this finding and for the reasons heretofore stated, we are constrained to hold that the judgment based upon quantum meruit must be set aside.
Defendant having deposited in the registry of the court without any reservation the sum of $100, which he alleged admittedly was due to plaintiff and which he agreed could be withdrawn by the plaintiffs without prejudice^ and in addition deposited the interest due plus the cost of the court, ’he is bound thereby and the plaintiffs are entitled to same.
For the reasons given it is therefore-ordered, adjudged and decreed that the judgment of the District Court be amended' by awarding to the plaintiffs the sum of $117.40. It is further ordered that the-plaintiff pay all costs. As amended the judgment is affirmed.