JANVIER, Judge.
Benson H. O’Brien, doing business as St. Tammany Stables, operates a farm and a boarding stable for horses in the Parish of St. Tammany. He brought this suit against Frank Grand seeking to recover the sum of $1,570 for the transportation to his stable and the boarding of a race horse from February 19, 1956 to the time of the filing of the suit on February 10, 1958, and for additional board at the rate of $65 per month until such time as the animal should be removed from the said stable. ' .
He alleges that the horse was transported and boarded under a contract which he entered into with the said defendant and under which he was to receive $10 for transporting the horse and $65 per month for boarding it so long as it should remain in his care.
Grand, the defendant, resisted pajnnent on the contention that the horse was not owned by him, and that, at the time it was taken by plaintiff, he, Grand, informed plaintiff that it did not belong to him and gave him the names of the owners and said that he was to look to them for payment and that, in the event he could not secure *518 payment from the owners, he was to seize the horse.
There was judgment for plaintiff and defendant brought the matter before us on suspensive appeal.
In this Court counsel for defendant direct attention to the fact that, although plaintiff had alleged that the horse was taken for boarding under a contract which provided that he should be paid $10 for the transportation and the agreed amount of $65 per month for boarding, plaintiff himself had testified that when the arrangement was made there was no agreement as to price and contended that therefore there had been no contract and that recovery could be had, if at all, only on a quantum meruit.
Our attention was directed to the testimony of the plaintiff. He did not state that the monthly rate had been agreed upon when the horse was taken. He was asked:
“ * * * At what time, Mr. O’Brien, did you inform Mr. Grand as to the price of the boarding?
and he answered:
“I told him when he came back from either Detroit or Chicago. I took a statement over there and told him I would like to get my money that was due between February of ’56 to September of ’57.”
Grand was asked whether he had made any mention of the amount and he answered: “I did not.”
It is well settled that in such a situation, where a suit is based solely on contract and there is no alternative claim on a quantum meruit basis where it is shown that there was no contract, there can be no quantum meruit recovery. We discussed this at length in McLeod v. Levy, La.App., 78 So.2d 549, 552, from which we quote the following :
“An unbroken line of decisions adheres to the rule that in the absence of some unusual and equitable reason appearing from the record, and the particular situation seems to justify it, a plaintiff who sues on a contract should not be allowed to recover on a quantum meruit. Armstrong v. Toler, 11 Wheat., U.S., 258, 6 L.Ed. 468; Dalgarn v. New Orleans Land Co., 162 La. 891, 111 So. 271; Alexander v. Morgan, 130 La. 378, 58 So. 13; Condran v. City of New Orleans, 43 La.Ann. 1202, 9 So. 31; Succession of Piffet, 37 La.Ann. 871; Mazureau v. Morgan, 25 La.Ann. 281; Brown v. Bark Laura Snow, 14 La.Ann. 848; Gribble v. McKleroy, 14 La.Ann. 793; Bean v. Evans, 9 La.Ann. 163; Davis v. Holbrook, 1 La.Ann. 176; Collings v. Hamilton, 14 La. 339; Mitchell v. Curell, 11 La. 252; Deverges v. Lanusse, 9 La. 176; Morton v. Pollard, 9 La. 174; Gourjon v. Cucullu, 4 La. 115; Allen v. Martin, 7 Mart., N.S., 300; Thibodeaux v. Falcon, La.App., 197 So. 206; Miller v. Krouse, La.App., 177 So. 472; Keen v. Delatte, 3 La.App. 41; Maurer v. Vizard, 3 Orleans App. 151; Katz v. Karnofsky, Orleans No. 9614, unreported. See Louisiana and Southern Digest. The reason for the rule is that the defendant cannot be expected to be prepared to meet proof as to the value of services where the claim is based on a contract for a specific amount. However, the rule does not apply if the plaintiff bases his claim on a contract but makes an alternative plea for a recovery on a quantum meruit in case he fails to make proof of the existence of the contract. When inconsistent demands are made in the same pleading but are set up in the alternative, they are not repugnant to our system of pleading. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627. But the supplemental petition does not alternatively set forth that a contract existed; by filing the supplemental pleading plaintiff seems to have completely abandoned his first *519 position that he was entitled to recover on a quantum meruit. Therefore, having elected to bring his action on the theory that he had a definite contract with defendant, and his choice being thus, he cannot now insist in the same suit that he has the right of recovery on any other theory or basis.”
In Hammond v. Taylor, 80 So.2d 888, 889, the Court of Appeal for the First Circuit said:
“Considerable testimony was taken to the effect that Hammond had actually performed the duties of woods foreman. However, as urged by defendant, this is a suit upon an alleged verbal contract for wages due in accordance therewith; and not a suit for the value of services rendered pursuant to any implied' understanding (i. e., on quantum meruit). The latter theory is not pleaded in the alternative. It is well settled that in the absence of exceptional circumstances, a plaintiff who sues upon a contract is not allowed to recover on a quantum meruit, or for the value of services rendered; see many authorities cited, McLeod v. Levy, La.App., 78 So.2d 549, Thibodeaux v. Falcon, La.App. 1 Cir., 197 So. 206, 207.”
And in Webre v. Boullion, La.App., 95 So.2d 857, 859 appears the following:
“The defendant contends that the judgment of the court below is in error as plaintiffs’ petition declared upon a verbal contract with no alternative pleadings for recovery under quantum meruit. Defendant’s position is well taken and is amply supported by the jurisprudence on this particular point in Hammond v. Taylor, La.App., 80 So.2d 888 and McLeod v. Levy, La.App., 78 So.2d 549.”
We cannot distinguish the case which is now before us and therefore find that in spite of the record plaintiff cannot be allowed to recover in this suit. We feel, however, that because of the unusual circumstances there should not be definite judgment depriving plaintiff of all right to bring a suit on a quantum meruit basis. We discussed this situation also in McLeod v. Levy, supra, saying:
“ * * * it would be entirely unreasonable to permit defendant to possibly enrich himself at the expense of plaintiff, and it occurs to us that the only fair thing to do under the circumstances is to reserve plaintiff’s right to claim by proper proceeding such amounts as he contends are due for such services as he may have rendered to and for the benefit of the defendant * !¡í %f>
Accordingly the judgment appealed from is annulled, avoided and reversed and plaintiff’s suit is dismissed as in case of non-suit, reserving to him the right to bring such other action as may be appropriate. Plaintiff is to pay all costs.
Reversed.