JANVIER, Judge.
This suit results from a contract between the plaintiff, Perry D. Barnes, and the defendant, Albert J. McDonald, under which McDonald was to furnish the money for the purchase of a dilapidated airplane and to pay for such materials and supplies as might be needed to place it in an air-worthy condition, and the plaintiff, Perry D. Barnes, who was an airplane pilot and mechanic, was to do the necessary repair work to place the plane in such condition as would qualify it to receive the necessary air-worthy certificate.
The contract contemplated that when the work was completed and the plane was in condition to receive the necessary certificate and to be flown, it was to be the property of plaintiff and defendant in indivisión.
After the work was completed and the necessary certificate had been obtained, it was used for a period of about eight months being operated entirely by the plaintiff, Barnes, since the defendant, McDonald, did not have the necessary license to fly a plane. During that time Barnes took McDonald on at least two flights and put in some time in attempting to teach a friend of McDonald’s to fly. At the end of that period of about eight months, for some reason, McDonald became dissatisfied with the arrangement and notified the plaintiff that the plane must be delivered to him and that Barnes should have nothing further to do with it.
Barnes then brought this suit against McDonald praying for judgment for $1,041 as the value of his services in placing the plane in usable condition.
Defendant, McDonald, admitting practically all of the allegations, denied that he was indebted unto plaintiff for any amount and prayed for judgment in reconvention for $139.58 as the cost of certain gasoline which Barnes had purchased and charged to the account of McDonald. After the filing of this answer, McDonald filed an exception of no right or cause of action based on the averment that the suit had been founded on an alleged breach of contract and yet plaintiff had made claim on a quantum meruit basis.
There was judgment in favor of plaintiff for $741 and in favor of defendant and plaintiff in reconvention for $5. From this judgment defendant has appealed and plaintiff has answered the appeal praying that the amount be increased to $987.
In the first place, we direct our attention to the contention of the plaintiff that defendant’s exception of no cause of action should not be considered, since it is purely dilatory and was not filed until after issue had been joined on the merits. This exception, as stated, raised the question of whether or not plaintiff sued for breach of contract and yet prayed for judgment based on quantum meruit.
A reading of the petition leaves no other conclusion than that the suit is based on contract and on a breach thereof, for instance, in paragraphs 3 and 4 of the petition plaintiff makes the following allegations :
“HI. That Defendant purchased a Ryan PT 22, two-place, low wing monoplane, bearing Civil Aeronautics Administration Identification No. N-54428, which plane was at the time of purchase in a dilapidated condition.
“IV. Defendant thereupon entered into an agreement with your Petitioner whereby Petitioner would repair the said airplane and place it in working *171 order upon the consideration that Petitioner would then be a half owner , in the airplane and have the full right to use the said airplane.”
These allegations, we think, clearly show that plaintiff, although he did not use the word “contract” set forth facts which would indicate that there was definitely a contract.
That the suit is based on a breach thereof seems to us to be shown by a further allegation in the petition, which reads as follows :
“VI. Upon completion of the above described work by Petitioner, Defendant breached and abrogated the above said agreement with Petitioner informed Petitioner that he had no ownership rights in the plane, and refused permission to Petitioner to have any use of the plane whatsoever.”
It is well settled in this State that a plaintiff who sues upon and proves a contract cannot recover on a quantum meruit. There are many cases to this effect. See Spear v. Gardner & Densler, 16 La.Ann. 383; Walker v. Bietry, 24 La.Ann. 349; Thibodeaux v. Falcon, La.App., 197 So. 206; 30 T.L.R. 509. We ourselves so held in McLeod v. Levy, La.App., 78 So.2d 549, in which we cited a great many decisions to this effect. Very recently we so held in O’Brien v. Grand, La.App., 118 So.2d 517.
As supporting the contention that, where there is a breach of contract by one of the parties and the other is willing to accept notification that the contract is terminated the other party may make a claim in quantum meruit, counsel for plaintiff directs our attention to Chassaniol v. Welsh, La.App., 65 So.2d 417. There it is true that there was a contract for the roofing of a building at a fixed price, and before the work was completed the owner of the building notified the contractor that he should stop work. The contractor thereupon brought suit for the value of the work which had been done up to that time, and we held that he could recover on that basis, although the claim really resulted from a breach of contract. We did so, however, because of a particular article of our LSA-Civil Code which contemplated just such a situation. That Article 2765, reads as follows :
“The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.”
This codal article can offer no comfort to plaintiff here.
It is contended on behalf of plaintiff that the contention that the suit is on contract and recovery would be based on quantum meruit was raised too late since it was raised by exception after issue had been joined by the filing of answer.
We think that, even without the filing of the special exception, we would have been forced to deny recovery for the reasons given. Even without an exception we could not permit recovery based on a quantum meruit where the allegations of the petition and the evidence shows that there was a contract and a breach of that contract.
Under all the circumstances, the ends of justice will best be served by remanding the matter to the end that plaintiff may be given an opportunity to allege damage as a result of breach of contract and to make claim for this damage.
Accordingly, the judgment appealed from is set aside and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. ■
Judgment set aside, remanded.