292 So.2d 756 (1974)
John ROCK and William Galloway, doing business as Rock and Galloway, Architects
v.
Morton L. ENELOW.
No. 5836.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
*757 Dorothy T. Horton and George W. Reese, New Orleans, for plaintiffs-appellees.
Shushan, Meyer, Jackson, McPherson & Herzog, Donald A. Meyer, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and LEMMON, JJ.
SAMUEL, Judge.
Plaintiffs, who are architects, filed this suit on an oral contract to recover a fee for services performed for the defendant in preparing drawings, plans and specifications for an apartment building to be located at 1510 South Carrollton Avenue in New Orleans and for obtaining bids for the work from various contractors. The fee sought is in the amount of $3,875, which is ¾ of 4½% of approximately $115,000, the lowest bid received. Defendant answered affirmatively averring the agreement in suit contained the condition that all expenditures for the construction of the building, including architect's fees, would not exceed a total of $100,000 and therefore no architect's fee was due.
After a trial on the merits, there was judgment in favor of plaintiffs in the amount prayed. Defendant has appealed.
The record reveals that the defendant, who took no personal part in the negotiations but acted solely through his wife, desired to construct a 19 unit apartment building on the lot. Mrs. Enelow was directed by her attorney to Joseph S. Marsiglia, who was in the construction business. Marsiglia then caused defendant's wife to contact the plaintiffs, with whom he had done business on several occasions and who were familiar with the particular piece of property involved.
The evidence is in direct conflict. John Rock, who acted for his firm, testified that when the defendant's wife came to his office it was agreed the architect's fee would be 4½% of the cost of construction. As that percentage included supervision, and as none of the bids was accepted and there was no supervision, plaintiffs claimed only ¾ of the fee agreed upon. Mr. Rock emphatically denied any plans or specifications had been drawn prior to the time Mrs. Enelow contacted him and stated that at no time did he agree to take the job on a contingency basis so that his firm would only be paid if the total price of the building did not exceed $100,000. He admitted the contract had not been reduced to writing. In addition, he stated he had explained to Mrs. Enelow that when the bids received were too high frequently it was possible to adjust and lower the amount through discussions with the contractor; but despite that information, she had never returned to him after the bids had been received.
Mrs. Enelow, who was the only witness for the defense, testified at all times the understanding between herself and Mr. Rock was that the building would not be constructed, and plaintiffs would not receive a fee, unless the entire project could be put together in what she called a "package deal" not to exceed a total expenditure of $100,000. She stated that plans had already been drawn by plaintiffs for a 19 unit apartment building at the time she originally contacted Mr. Marsiglia and before she contacted the plaintiffs. Through numerous visits it was ultimately determined that the cost of the 19 unit 3-story apartment building would be $250,000. Therefore the contemplated building was changed to a 2-story, 14 unit apartment house and bids were obtained thereon. The lowest of these bids was approximately $115,000.
The defendant urges the lower court committed error in finding there was a contract for a set fee rather than a contingent fee arrangement, and that there was *758 no contract whatsoever because the plaintiff firm and the defendant had never arrived at a "meeting of the minds" in order to cause a valid contract to be formed. Defendant also argues the lower court committed error by allowing testimony to be introduced to show the value of the plaintiff's fee on a quantum meruit basis.
The last argument is based on the contention that plaintiff may not recover in quantum meruit in the absence of an alternative plea for recovery on quantum meruit[1] and in this case the petition contains no such alternative plea. We need discuss this issue no further than to say we find the evidence referred to[2] was not offered by plaintiffs or considered by the trial court for the purpose of recovery on a quantum meruit basis. It properly was offered and considered for the purpose of determining whether or not the amount claimed was a reasonable and customary architectural fee. The trial court concluded it was, a conclusion with which we agree.
The only remaining questions presented for our consideration are: (1) whether there was a contract between the plaintiffs and the defendant; and (2) if there was a contract, whether it called for a fixed architectural fee or for payment of a fee only on the contingency that the apartment building could be constructed for a total expenditure of $100,000.
With regard to the first question, it suffices to say that a reading of the entire record leaves no doubt that the parties did in fact enter into an oral contract. Both Mr. Rock and Mrs. Enelow so testified and they were the parties who entered into the contract and the only witnesses who testified thereto. However, as we have said, there is direct conflict in their testimony with regard to whether the contract called for the unconditional payment of the fee or whether the fee was a contingent one. Mr. Rock testified the contract called for unconditional payment of an agreed architect's fee, while Mrs. Enelow said no fee was due unless all expenditures, including the fee, did not exceed $100,000.
The only evidence which could be considered as giving some credence to the defendant's version of the agreement is the deposition of Mr. Marsiglia. He testified that Mrs. Enelow had discussed the matter with him; he had considered a so-called "package deal" in which all expenditures, including the architect's fee, would be included; she had mentioned a $100,000 limit which he considered impossible for a 19 unit apartment house; and he had sent her to plaintiffs because he knew they had been interested in construction on the same lot. However, he also said the "package deal" could not be used if the job was put out on bids. He had considered construction on the same lot prior to Mrs. Enelow's visit, but the record does not establish to our satisfaction that the plans or drawings shown by him to Mrs. Enelow at the time of their discussion were the same used by plaintiffs in performing their work for the defendant. Mrs. Enelow's testimony relative to the plans having been drawn prior to that discussion with Mr. Marsiglia cannot be considered as anything more than hearsay on her part.
Thus, the second question is dependent on which witness's testimony is accepted, that of Mrs. Enelow or that of Mr. Rock. The trial court accepted the testimony of Mr. Rock, stating in reasons for judgment that the plaintiffs had proved the existence of a percentage fee based contract. We find no error in that conclusion.
However, we are satisfied the agreement between Mrs. Enelow and Mr. Rock included an understanding that the total expenditure on the part of the defendant would not exceed $100,000 and *759 that the architect's fee of 4½% would be included in the $100,000 figure. Thus, using round figures, the total of all expenditures, other than the architect's fee, could not exceed $95,650, for if all other expenditures exceeded that figure the addition of 4½% thereof would exceed $100,000. Accordingly, we will amend the judgment so as to award plaintiffs the sum of three-fourths of 4½% of $95,650, or the sum of $3,228.19.
For the reasons assigned, the judgment appealed from is amended so as to reduce the award to the plaintiffs from the sum of $3,875 to the sum of $3,228.19. As thus amended, and in all other respects, the judgment is affirmed; costs in this court to be paid by the plaintiffs-appellees.
Amended and affirmed.
NOTES
[1] See Kirchberg v. Holloman, La.App., 248 So.2d 347 (1971); Barnes v. McDonald, La. App., 119 So.2d 169 (1960).
[2] The expert testimony of another architect was offered by plaintiffs.