STOKER, Judge.
This appeal arises out of a suit for breach of an exclusive real estate listing contract. Cordell Hebert, the plaintiff-ap-pellee, sued Walter Lebouef, the defendant-appellant, for a commission as a result of a lease-purchase contract entered into by defendant with a third party. The trial court awarded the commission. We affirm.
FACTS
Hebert secured an exclusive listing to sell Lebouef’s home. The listing provided in pertinent part:
“For and in consideration of your listing this property for sale in your office and your making a reasonable effort to sell the property, I agree that you shall have the exclusive right to sell the property for a period of 4 months from this date during which time I shall not list it with anyone else, and I agree to refer to you any offers which may be made direct to me to purchase the property. If and when I receive an acceptable offer to purchase the property, I agree to pay a commission of six per cent in cash.”
* * * * * *
“Should this property be sold by me, by you or by any other agent during the existence of this contract, or should it be sold within six months after the expiration of this contract to anyone to whom this property has been exhibited or offered for sale by you for the price above set out or for any other price, I agree to pay you the above stipulated commission as a consideration for your previous efforts to sell the property.”
Before the listing contract expired, the defendant was approached by Whitney Lynn Broussard for the purpose of acquiring the house. The negotiations resulted in an agreement for the lease-purchase contract. However, the preponderance of the testimony is to the effect that Brous-sard initially wanted to purchase, not lease, the house and the trial judge so found. There is some dispute as to whether Le-bouef referred Broussard to Hebert.
During the meeting between Broussard and Lebouef the parties agreed that Le-bouef would lease the home to Broussard with an option to buy. Broussard gave Lebouef a $5,000 check. The monthly lease payment was $1,500; $800 of the monthly lease price was to be credited toward the purchase price of the house. This entire agreement was made and the deposit paid during the existence of the exclusive listing agreement. A written agreement was finally drawn up and signed in September, after the expiration of the exclusive listing contract. Two years later, Brous-sard exercised his option to buy and Hebert claims his commission.
EXCLUSIVE LISTING AGREEMENT
The home owner, Lebouef, presents two major arguments. First, he argues that the agreement with Broussard was made *1274 by himself with no effort on the part of Hebert, therefore, Hebert should not receive the commission. He claims and the record indicates that Hebert knew about the arrangement between Broussard and Lebouef. He argues that the knowledge placed some duty on Hebert to contact Broussard. He cites Acadian Investment Co., Inc. v. Laird, 138 So.2d 429 (La.App. 3d Cir.1962) in support of his argument.
The rationale in Acadian is unclear and the result is against the bulk of the jurisprudence on this point. That case held that the broker’s efforts were not the procuring cause of the subsequent sale and denied the real estate agent’s commission. Though reaching a contrary result, the court in Acadian stated the general rule at page 431:
“When the real estate broker has a contract giving him the exclusive right to sell the property during a specified period of time, he is entitled to a commission upon any sale of the property made during that time, whether the sale be made by the owner personally or by another broker. Donlon v. Babin, La.App. 1 Cir. [1950], 44 So.2d 134, and the many cases cited therein.” Burr v. Leguin, 365 So.2d 1156 (La.App. 3d Cir.1978), writ denied, 367 So.2d 862 (La.1979).
In the case before us the listing contract clearly states in unequivocal language that the agent is due a commission even if the property is sold by the owner. Thus, defendant’s first argument must fail.
Lebouef’s second argument is that the arrangement between Lebouef and Broussard was not a sale, so no commission is due. He argues that the agreement was a lease with an option to buy and since Broussard was not obligated to exercise the option, no binding agreement to buy was consummated during the term of the exclusive listing contract.
In the reasons for judgment, the trial judge explained:
“There’s no question in this Court’s mind but that the transaction entered into between defendant and the ultimate purchaser was an option to buy said property together with a lease agreement. In fact almost half of the $1500 monthly rental was to be applied to the purchase price that was agreed upon by the parties and the other to serve as rental payment. This Court is of the opinion that when the sale was ultimately consummated the real estate agent’s commission as recited in the exclusive listing agreement became due.
“... To construe the factual contracts of this case differently would invite parties to conspire intentionally to deprive real estate agents of commissions due them pursuant to contract by permitting them to enter into lease purchase agreements for a period of time until the realtor’s contract has in fact expired.”
We agree with the reasoning of the lower court and affirm the award of the full real estate commission.
For the foregoing reasons the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.